## P. B. PLUMB v. JOHN BAY, *as Sheriff, &c.*

LIENS — JUDGMENT, AND MORTGAGE; *Priority, how Determined; Injunction.* B. obtained a judgment in the district court against S. Subsequently, S. being indebted to P. upon a promissory note, for which was deposited as collateral security a note and mortgage given by D. upon real estate, made an arrangement with P. and D. by which the note and mortgage of D. were to be surrendered, D. was to deed to S. certain other real estate, and S. was to execute a mortgage thereon to P. to secure whatever balance might be due P. This arrangement was carried into effect, though through some delay in executing papers, the mortgage to P. was not executed or recorded until five days after the deed from D. to S. had been recorded. After the record of the deed and mortgage, B. caused an execution to be issued on his judgment and levied on the property embraced in the deed and mortgage, and was proceeding to advertise and sell it as the unincumbered property of S., when P. brought this action to restrain such sale. S. had no property other than this real estate, and was insolvent:

*Held,* That the mortgage to P. was given to secure the purchase-money of the property mortgaged; that such mortgage was a prior lien to the judgment; that such priority of lien was a fact not apparent on the record, but shown only by matters *dehors* the same; that B., as a judgment-creditor had a right to have the interest of the mortgagor in the real estate seized and sold to satisfy his judgment, and that the statute provided a mode for reaching and selling such interest, which mode was not the ordinary process of seizure and sale upon execution; that P., holding a lien, prior in fact, but whose priority was not apparent on the record, could maintain an action to restrain an attempted sale upon execution of the property as the absolute property of the judgment-debtor unincumbered by any lien.

### Error from Lyon District Court.

ACTION by *Plumb*, against *Bay*, as sheriff, and *Strong* and *Burt*, to restrain a sale by the sheriff of certain real property. A temporary injunction was granted, and such order was afterward, on 30th December 1875, dissolved by the district judge. From the order dissolving the temporary injunction, plaintiff appeals.

*Ruggles & Sterry,* for plaintiff.

*Randolph & Sedgwick,* for defendants.

The opinion of the court was delivered by

BREWER, J.: In this case the defendants in error, defendants below, seem to concede the plaintiff's right to relief, but deny that he has pursued the proper remedy. The action was for an injunction, to restrain a sale upon execution. A temporary restraining order was granted, which upon motion was thereafter dissolved. The allegations of the petition were, in substance, that at the September term 1875 of the Lyon county district court, the defendants Strong and Burt recovered a money-judgment against one A. S. Smith for a large sum of money, which judgment is still unsatisfied; that thereafter, and on 18th October 1875, the said Smith was indebted to the Emporia National Bank, in about the sum of $350, which was evidenced by Smith's note, and was secured by the pledge, as collateral security, of a note from R. P. Dixon, which last note was secured by a mortgage upon certain real estate in Lyon county; that on said 18th of October, an arrangement was entered into between the Emporia National Bank, (through its president, the plaintiff in error,) A. S. Smith, and R. P. Dixon, whereby in substance it was mutually agreed between the said several parties that Dixon should convey to the said Smith two lots in the city of Emporia, Lyon county, in consideration (principally) of the said Smith's procuring and surrendering up to the said Dixon the note and mortgage executed by Dixon, and assigned to the bank as collateral to Smith's note; that the bank, through its president, agreed to surrender up this Dixon note and mortgage to Smith, to enable him to procure the conveyance of these lots to himself, on condition that Smith should upon the conveyance of these lots to himself make a new note to the plaintiff in error for the use of the bank, and secure the same by a mortgage on the lots so to be conveyed to Smith; that this new note and mortgage were for the purpose of securing the indebtedness of Smith to the bank; that said agreement was carried out on said 18th of October, to the extent that the Dixon note and mortgage were surrendered to Dixon, and

canceled on the records of the county, and Dixon conveyed the lots in Emporia to Smith; that on the 23d of said October the agreement was fully completed by Smith's making a new note for the balance due the bank, to plaintiff in error for the use of the bank, and securing the same by a mortgage on these two town lots conveyed by Dixon to Smith, which mortgage was on the same day properly recorded; that the surrender of the mortgage to Dixon by the bank, the conveyance of the lots to Smith by Dixon, and the mortgaging of the lots to plaintiff in error by Smith for the use of the bank, were all parts of one and the same transaction; that said Smith was and is insolvent; that on November 24th 1875, the defendants Strong and Burt caused an execution to be issued on their judgment against Smith, directed to the defendant, John Bay, as sheriff, who proceeded to levy the same upon the town lots so mortgaged to plaintiff for the use of the bank, and the said Bay threatened to sell and convey the same irrespective of plaintiff's mortgage, under and by virtue of said execution.

Upon these facts the order was made restraining the sale. That the mortgage to the plaintiff is to be deemed a mortgage for the purchase-money, seems to be settled by the case of *Nichols v. Overacker*, 16 Kas. 54; and that a mortgage for the purchase-money has preference over a prior judgment against the purchaser, is prescribed by statute. (Gen. Stat. 582, § 4.) Such doubtless would be the rule independent of statute. *Curtis v. Root*, 20 Ill. 53; *Cake's Appeal*, 23 Penn. St. 186; Freeman on Judgments, 323. And we do not understand the learned counsel for defendant as disputing these propositions. But their claim is, that, conceding the priority of plaintiff's mortgage, his action should not have been to restrain the sale, but to determine the priority of liens, for the mortgagor's interest in the property was unquestionably subject to seizure and sale in satisfaction of the judgment, and that to restrain the sale absolutely, was to deprive Strong and Burt of their right to have this interest thus seized and sold. It is said, that parties might have been willing to give

for the property the amount of Strong and Burt's judgment, over and above the mortgage; and what right has plaintiff to prevent them from thus obtaining satisfaction of their claim? In other words, if property is subject to two liens, and will sell for enough to pay both, what right has the holder of the prior lien to restrain absolutely a sale under the second lien? It seems to us, that this is a case which calls for the interference of a court of equity, and though the action suggested by defendants' counsel might have been entirely proper, we are inclined to hold the present also proper. Upon the face of the record, the judgment was the prior lien. Title passed to Smith on the 18th. At that time the judgment-lien attached. (*Babcock v. Jones*, 15 Kas. 296.) No mortgage was executed or recorded for five days thereafter, so that apparently the judgment was, by five days, a prior lien to the mortgage. The facts giving the mortgage priority existed only *dehors* the record. And if the property had been sold upon the judgment, and passed into the hands of *bona fide* purchasers, they would doubtless have taken the title discharged of the mortgage. It was necessary therefore for plaintiff to take some action to preserve his rights as a prior lien-holder. He applied for an order restraining an attempted sale upon execution. The judgment-creditors were proceeding to sell the property as though there were no mortgage lien upon it, and as though the judgment-debtor had full title and interest. And if the record had disclosed the fact of the priority of the mortgage-lien, doubtless the mortgagee would have no right to interfere with such a sale, for the purchaser, if any one was willing to buy under those circumstances, would be chargeable with notice of the record, and would take the property subject to the mortgage. As the record did not disclose the priority of the mortgage, the mortgagee had a right to interfere and restrain an attempted sale of a full title and interest. The statute provides the manner of reaching and selling a mortgagor's interest in real property; Gen. Stat. p. 724, § 481; p. 726, §§ 491, 492; *Kiser v. Sawyer*, 4 Kas. 503.

Such a sale would preserve the mortgagee's rights, and at the same time give to the judgment-creditors the full benefit of the mortgagor's interest in the property in satisfaction of their judgment. Such a sale therefore the facts and the law would permit. Any other would work injustice and wrong.

We think therefore, that upon the showing made the plaintiff was entitled to a restraining order. While the order should be such as to restrain the sale as threatened, it should be so worded as to leave the judgment-creditors free to proceed under the sections cited to a sale of the mortgagor's interest in the property. The order of the district court will therefore be reversed, and the case remanded for further proceedings in accordance with the views herein expressed.

All the Justices concurring.