JAMES C. YOUNG

*v.*

WILLIAM H. MORGAN.

1. HOMESTEAD—*overplus above $1000 subject to lien.* A judgment or deed of trust, as to property occupied as a homestead, is a lien, that may be enforced against the overplus of the same above the value of $1000.

2. DEED OF TRUST—*when not extinguished by payment and release.* Where a party sold land, occupied by him as a homestead, subject to a deed of trust, which was a prior lien to that of a judgment, the purchaser assuming the payment of the debt secured by the trust deed as a part of the purchase money, and the purchaser paid the same, taking a release of the trust deed instead of an assignment thereof, and thereupon the homestead was set off and the residue of the land sold under execution issued on the judgment, it was *held*, that in equity the lien of the trust deed was not extinguished in favor of the judgment creditor, but that the purchaser was entitled to assert the same for his own protection and have the sale on execution set aside.

3. SUBROGATION—*to lien of creditor by payment.* A mere stranger or volunteer can not, by paying a debt for which another is bound, be subrogated to the creditor's rights in respect to the security given by the real debtor, but if the person who pays the debt is compelled to do so, for the protection of his own interests and rights, then the substitution should be made.

4. Where a purchaser of land pays off a debt of his grantor secured by a trust deed upon the premises, as a part of the purchase money, and to protect

his title from sale, the payment is not a voluntary payment by a stranger, and he will be subrogated to the lien of the deed of trust, although formally released, so as to cast off an intervening lien of a judgment against his grantor.

APPEAL from the Circuit Court of Marion county; the Hon. AMOS WATTS, Judge, presiding.

Mr. J. B. KAGY, for the appellant.

Mr. HENRY C. GOODNOW, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a bill in chancery to remove an alleged cloud upon title occasioned by the sale of premises under execution.

The premises were 46½ acres of land owned by Philip C. Whitehead, who, in November, 1873, executed a trust deed upon the same to one Marshfield Steele to secure the payment to Steele of a promissory note made by Whitehead for the sum of $200, payable twelve months after date. Whitehead had a homestead interest in the premises.

In February, 1876, Whitehead conveyed the premises, with a release of the homestead, to the appellee, William H. Morgan, for the consideration expressed of $1362.51, a part of the consideration being the sum of $205, the amount due on the trust deed to Steele, which Morgan at the same time paid off and discharged, Steele executing a release of the trust deed bearing the same date with the conveyance to Morgan.

In March, 1875, James C. Young filed in the office of the clerk of the circuit court of the county in which the premises were situate, transcripts of two judgments before a justice of the peace in his favor against Whitehead, which thereupon, under the statute, became liens upon the lands of Whitehead in the county, the same as if the judgments had been obtained in the circuit court.

In July, 1876, executions were issued from the clerk's office of the circuit court on the judgments, in favor of Young, against Whitehead, which executions the sheriff levied upon

the premises as the property of Whitehead. The sheriff summoned three commissioners, under the homestead act, who appraised the premises at $1150, and set off 34 acres for the homestead, leaving the residue, 12½ acres, to be sold under the execution, which was accordingly so sold by the sheriff to Young for $112.97, on the 12th of August, 1876, and a certificate of purchase issued to him, which was filed and recorded in the proper office. The bill is by Morgan, to set aside this sale under execution, claiming that the trust deed was a prior lien to the judgments, and that Morgan should have the benefit thereof, as such. The decree granted the relief prayed by the bill, and the defendant appealed.

The homestead right here was not subject to a judgment lien, but as the homestead property exceeded $1000 in value, a judgment or deed of trust became a lien that might be enforced against the overplus, above that value. *McDonald* v. *Crandall*, 43 Ill. 232. The trust deed here was the older and paramount lien to that of the judgments, and had the question been one between Steele, to whom the trust deed was given, his debt being unpaid, and Young, the judgment creditor, there can be no doubt the former would have been entitled to precedence; and the point of inquiry is, whether the same preference exists in favor of the appellee, Morgan, who paid to Steele the debt secured by his trust deed. It is the manifest right and equity of the case that it should.

The judgments, before Steele's debt was paid, were liens in respect to the overplus in the homestead property, subject to the trust deed, the debt it secured being entitled to be first satisfied before the judgments, and there is no equitable reason why the judgment creditor should now be entitled to anything more. And to hold him so entitled would be to allow to him an unjust advantage as arising from the mere form of the transaction adopted in paying to Steele his debt—taking a release of the trust deed instead of an assignment of it—and would be clearly inequitable as respects appellee.

Because the debt secured by the trust deed was paid, and a release of the trust deed executed by Steele, must it be held to be extinguished and all benefit on account of it entirely gone, as between this judgment creditor and the appellee, Morgan? At law, the deed of trust was extinguished. The debt it was given to secure was fully paid, and a release of the trust deed executed.

But upon this subject, a court of equity is not guided by the rules of law. There, in some cases a mortgage may be deemed to be kept up and not discharged or extinguished, to some purposes, and in favor of some persons claiming rights under it, when to other purposes, and as against other persons, in furtherance of justice, it may be taken to be discharged and extinguished. It is a familiar instance, that it is the right of a surety, when he pays the debt of his principal, to be subrogated to whatever securities the creditor may hold. See *Campbell* v. *Carter*, 14 Ill. 286, upon the subject of keeping a charge on on foot when something just and beneficial requires it.

Appellee, here, bought of Whitehead the premises subject to this trust deed which Whitehead had given, the amount of the debt it was given to secure forming a part of the consideration of the purchase. On payment by appellee to Steele of the amount of his debt secured by this trust deed, the proper mode, for the full protection of appellee's interest in the premises, would have been to have taken an assignment of the deed of trust, instead of a release of it. An assignment would have been carrying out the true intention of appellee in the matter—his purpose in discharging the debt secured by the deed of trust being for the assurance of his title, not the impairment of it—and it would have been indifferent to Steele which form of instrument he executed. The form of a release was certainly not adopted from any purpose of benefit to this judgment creditor, or of harm to the interest of appellee. Because this particular form of a release happened to be adopted, does it necessarily enure to the benefit of the judgment creditor in letting in the lien of his judgments as prior

to that of the trust deed, and to the detriment of appellee, to that extent? This harsh result should be avoided if it may be, consistently with the rules of equity. We think it may be, under the application of the doctrine of subrogation. Appellee buying the land of Whitehead, subject to the trust deed to Steele, the payment by him to Steele of the debt secured by the trust deed was not a voluntary payment by a stranger, but it was a payment which appellee was compelled to make in order to the protection of his title to this land which he had purchased.

In *Hough* v. *Ætna Life Insurance Co.* 57 Ill. 319, this court recognized and applied the doctrine, that a mere stranger or volunteer can not, by paying a debt for which another is bound, be subrogated to the creditor's rights in respect to the security given by the real debtor. But if the person who pays the debt is compelled to pay, for the protection of his own interests and rights, then the substitution should be made.

We think the principle may be properly applied here, and that appellee should be substituted to the lien under the deed of trust. Such, in effect, being the decree of the circuit court, it is affirmed.

*Decree affirmed.*