[No. 9,087. Department two. — February 25, 1884.]

## P. R. PERSONS, RESPONDENT, v. F. A. SHAEFFER ET AL., CATHERINE MATZEN, APPELLANT.

EQUITABLE ASSIGNMENT— SATISFACTION OF JUDGMENT—SUBSEQUENT PURCHASER.—The payment of a judgment of foreclosure of a mortgage may operate as an equitable assignment to the person who makes the payment, although the mortgagee enters satisfaction of the judgment upon the record. But the lien of the judgment will not be kept alive to the prejudice of a subsequent *bona fide* purchaser of the land, who had no notice of the equities of the person who made the payment, and who purchased while it appeared of record that the judgment had been satisfied and discharged.

APPEAL from a judgment of the Superior Court of the county of Butte.

The facts sufficiently appear in the opinion of the court.

*A. L. Hart*, and *J. H. McKune*, for Appellant.

*Gale & Jones*, for Respondent.

SHARPSTEIN, J.—When the defendant executed the mortgages which this action was brought to foreclose, the judgment

which Wilcoxson had obtained in an action to foreclose a prior mortgage was satisfied and discharged of record, and the court finds that the mortgagees of the subsequent mortgages had no notice or knowledge of any equities then existing in favor of Catherine Matzen who paid the sum due on the Wilcoxson judgment. In *Matzen* v. *Shaeffer*, No. 9,086, we held that as between the parties to that action the payment of the Wilcoxson judgment by Matzen operated as an equitable assignment of it to her, and that the lien was kept alive for her protection and benefit, notwithstanding it had been satisfied and discharged of record. The reasons for so holding are stated in the opinion filed in that case, and it is unnecessary to repeat them. But at the time of the execution of the mortgages in this case it appeared by the record that the Wilcoxson judgment had been satisfied and discharged, and it cannot be held that the mortgagees took subject to the lien of that judgment. Matzen on paying it had neglected to have it assigned to her, and had suffered it to be and remain satisfied of record until after Shaeffer had executed these mortgages upon the premises.

This presents a case in which either Matzen or these mortgagees must suffer from her neglect to act promptly, as she might have done, in the matter of obtaining an *actual* assignment of the Wilcoxson judgment, or, failing in that, having the satisfaction of record vacated. She must suffer the consequences of her own neglect. The parties who took the mortgages under such circumstances must be protected. Equity as well as law requires that they should be. Her equities at the time were latent. She might or might not avail herself of them. The lien of the Wilcoxson judgment had been discharged. Equity might under some circumstances keep the lien alive notwithstanding such discharge. But it certainly would not keep it alive to the prejudice of a party who had purchased the premises when it appeared of record that the lien had been discharged, and who did not have any knowledge of the equities on which alone it could be kept alive after being discharged.

Judgment affirmed.

THORNTON, J., and MYRICK, J., concurred.

Hearing in Bank denied.