[No. 9,086. Department Two. — February 25, 1884.]

## CATHARINE MATZEN, APPELLANT, v. F. A. SHAEFFER, RESPONDENT.

MORTGAGE—EQUITABLE ASSIGNMENT—PRIORITY OF LIEN.—A purchaser of land subject to a mortgage agreed with the owner and the mortgagee to pay off the mortgage debt as part consideration for the purchase. The mortgage debt was paid by the purchaser to the mortgagee, and the remainder of the purchase money to the owner, who thereupon conveyed the land to the purchaser. The mortgagee entered satisfaction of the mortgage debt upon the record. *Held*, that the transaction operated as an equitable assignment of the mortgage to the purchaser, and was a lien prior and superior to that of a judgment against the mortgagor procured and entered after the date of the execution of the mortgage, and before the entry of satisfaction of the mortgage debt.

HOMESTEAD—ORDER SETTING APART TO INSOLVENT.—When no valid declaration of homestead has been filed, an order of court setting apart a homestead to an insolvent is a nullity.

APPEAL from a judgment of the Superior Court of the county of Butte.

Suit to quiet title. The facts appear in the opinion of the court.

*A. L. Hart*, and *J. H. McKune*, for Appellants.

*I. S. Belcher* for Respondent.

SHARPSTEIN, J.—It appears by the findings that it was arranged between the mortgagee, mortgagor, and appellant that she should pay the sum of thirty-five hundred dollars for the satisfaction of the mortgage, and a conveyance to her of the mortgaged premises by the mortgagor. This entire sum was handed to the mortgagee, who retained the amount due on the mortgage, and gave the residue to the mortgagor. Whereupon the mortgagor executed a conveyance of the premises to appellant, and the mortgagee entered satisfaction of the judgment which he had previously obtained in an action to foreclose the mortgage.

Previous to this the premises had been sold to the respondent under an execution issued upon a judgment recovered against appellant's grantor after the execution of the mortgage. But the time for redeeming the premises from said execution sale had not expired at the time of appellant's purchase. Since then respondent has received a deed from the sheriff who sold the

premises to him under said execution. This presents a case in which the interests of the appellant required that the lien of the mortgage which she paid off should be kept alive. Her interests can only be fully protected by regarding the transaction in which she paid off the mortgage as an assignment of it to her, and the lien as being kept alive for her security and benefit. "In general, when any person having a subsequent interest in the premises, and who is therefore entitled to redeem, for the purpose of protecting such interest, and who is not the principal debtor primarily and absolutely liable for the mortgage debt, pays off the mortgage, he thereby becomes an equitable assignee thereof, and may keep alive and enforce the lien so far as may be necessary in equity for his own benefit; he is subrogated to the rights of the mortgagee to the extent necessary for his own equitable protection." (3 Pomeroy's Eq. Juris. § 1212.) And this equitable result follows, "even though a receipt was given speaking of the mortgage debt as being fully paid, *and sometimes even though the mortgage itself was actually discharged and satisfied of record.* (3 Pomeroy's Eq. Juris. § 1211.)

If the respondent had purchased the premises while the satisfaction of the judgment of foreclosure remained of record, he doubtless would be protected. But the findings show that he purchased the premises and received a certificate thereof, before any action to foreclose the mortgage had been commenced, and that he was made a party defendant, and served with summons in said action. And if it be held that the appellant became the equitable assignee of the mortgage, and as such was entitled to have the lien created by it kept alive for her protection, notwithstanding the satisfaction and discharge of it of record, the respondent will be in no worse position than he would if the judgment of foreclosure had been *actually* assigned to appellant when she paid it off. The fact of the entry of satisfaction of the judgment could not have influenced him when he purchased the premises, because the action in which said judgment was entered had not then been commenced. He purchased the premises subject to the mortgage, and the rights which he thereby acquired could not be affected by an assignment of the mortgage, either in fact or by operation of law. We think this is one of the cases in which the satisfaction of a mortgage of record does not

of itself prevent a court of equity from holding that the payment of it operated as an assignment of it to the person making the payment.

There is nothing to indicate that appellant when she paid off the mortgage intended to purchase it, or to have it kept alive for her benefit. It does not appear that anything was said on that subject. She paid it off, and the mortgagee without her request satisfied it of record. But the payment was made for her benefit, or for that of respondent. If the payment under the circumstances operated as an equitable assignment of the mortgage to her, she gets the benefit of it. Otherwise the respondent. Now it is quite clear that she intended the payment of the mortgage should inure to her own, and not to his benefit. She had in view her own, and not his interest. And it is only by regarding the transaction as an. assignment of the mortgage to her that her interests can be protected and maintained, and a court of equity will presume that it was intended she should reap the benefit of her investment. Equity regards that as done which ought to be done, and looks to the intent rather than to the form. There is no equitable ground on which the respondent could object to the mortgage lien being kept alive for the protection of appellant's interest, and the mortgage having been satisfied of record when it should have been assigned to appellant, it was not error to vacate the satisfaction. And as the premises were regularly sold under said decree of foreclosure, and purchased at the sale by the appellant, who after the time for redemption had expired received a deed, we do not doubt that her title to the premises is superior to that of the respondent, and that she is entitled to the relief prayed in her complaint.

The declaration of homestead filed by Kelley was not such as the law requires, in order to constitute a homestead; and there being no valid homestead in existence when the court in the insolvency proceeding made an order setting one apart for Kelley, such order was a nullity.

Judgment reversed, with directions to the court below to enter a judgment in favor of the plaintiff as prayed in her complaint.

THORNTON, J., and MYRICK, J., concurred.