[No. 14096.   Department One. — December 29, 1891.]

JOHN RICHARDS, APPELLANT, *v.* F. D. GRIFFITH
ET AL., RESPONDENTS.

<div style="float:right">92  493<br>125  275</div>

PRIORITY OF LIENS — JUDGMENT LIEN — CANCELLATION OF FIRST MORT-
GAGE BY SECOND MORTGAGEE — PURCHASE UNDER EXECUTION — NO-
TICE. — Where a second mortgage is given to secure the payment of a
note for money advanced to the mortgagor upon the express agreement
that the first mortgage should be satisfied and discharged out of the
sum so advanced, and the first mortgage is thereupon canceled, a judg-
ment creditor of the mortgagor, whose judgment had been docketed
before the canceling of the first mortgage, and before the recording of
the second mortgage, and who thereafter purchases the property at an
execution sale under such judgment without notice of the agreement
between the second mortgagee and the mortgagor, or of the fact that
the second mortgage was paid off with the money lent to the mortgagor,
has a lien superior to the lien of the second mortgagee.

ID. — SUBROGATION — LATENT EQUITY — BONA FIDE PURCHASER. — Al-
though a lien will be kept alive, under some circumstances, by subroga-
tion, in favor of one who has paid the lien-holder, even when the latter
has satisfied and discharged it of record, yet where the equity is a la-
tent one, the lien will not be kept alive to the prejudice of a subsequent
*bona fide* purchaser.

APPEAL from a judgment of the Superior Court of
Butte County.

The facts are stated in the opinion of the court.

*H. V. Reardan*, for Appellant.

The payment and cancellation of the St. Sure mortgage with the money borrowed from the plaintiff and secured by mortgage on the same property was simply a substitution of mortgages; and, in the interest of justice, equity will keep alive the first mortgage to the extent of the amount due thereon, although satisfied of record. (*Gregory* v. *Thomas*, 20 Wend. 18; *Tolman* v. *Smith*, 85 Cal. 280; *Swift* v. *Kraemer*, 13 Cal. 530; 74 Am. Dec. 603; *Matzen* v. *Shaeffer*, 65 Cal. 81; *Richardson* v. *Hockenhull*, 85 Ill. 124; *Lowman* v. *Lowman*, 118 Ill. 582; Pomerey's Eq. Jur., secs. 1211, 1212; *Barnes* v. *Mott*, 64 N. Y. 401; 21 Am. Rep. 625.)

*F. C. Lusk*, and *Gray & Sexton*, for Respondents.

The appellant was not subrogated to the rights of the first mortgagee, as there was no element of compulsion in the payment. (*Bunn* v. *Lindsay*, 95 Mo. 250; 6 Am. St. Rep. 48; 1 Jones on Mortgages, sec. 874; 3 Pomeroy's Eq. Jur., sec. 1212; Sheldon on Subrogation, sec. 3; 2 Story's Eq. Jur. 340; *Webster's Appeal*, 86 Pa. St. 409; *Unger* v. *Leiter*, 32 Ohio St. 210; *Weiss* v. *Guerineau*, 109 Ind. 438; *Suppiger* v. *Garrels*, 20 Ill. App. 625; *Binford* v. *Adams*, 104 Ind. 41; *Wormer* v. *W. A. Works*, 62 Iowa, 699; *Allen* v. *Dermott*, 80 Mo. 56; *Clark* v. *Moore*, 76 Va. 262; *Downer* v. *Miller*, 15 Wis. 612; *Gadsden* v. *Brown*, Speers Eq. 37; *Davis* v. *Winn*, 2 Allen, 111; *Cole* v. *Malcolm*, 66 N. Y. 363; *Guy* v. *Du Uprey*, 16 Cal. 196; 76 Am. Dec. 518; *Barham* v. *Mayor etc.*, 24 Cal. 585; *Hudson* v. *Dismukes*, 77 Va. 242; *Edrington* v. *Jefferson*, 14 S. W. Rep. 99 (Ark.); *Richmond* v. *Marston*, 15 Ind. 134; *Sanford* v. *McLean*, 3 Paige, 117; 23 Am. Dec. 773; *Barber* v. *Lyon*, 15 Iowa, 37.) A loan for the specific purpose of paying off a lien on land creates no equity of subrogation in favor of him who loans the money to remove the lien. (*Wooldridge* v. *Scott*, 69 Mo. 669; *Price* v. *Courtney*, 87 Mo. 395; 56 Am. Rep. 453.) Since the Richards mortgage, and without knowledge of

his alleged secret equities, respondents changed their position. To permit the subrogation would work them a great injustice. As the doctrine of subrogation is purely an equitable one, it will be denied where it would work an injustice to the rights of others. (*Cassidy* v. *Keely*, 13 Phila. 112; *Keely* v. *Cassidy*, 93 Pa. St. 318; *McGinnis's Appeal*, 16 Pa. St. 445.)

PATERSON, J. — The court below sustained the demurrer to the complaint, and plaintiff having declined to amend, judgment was entered in favor of the defendants.

It is alleged in the complaint that on November 11, 1884, defendant Bunnel made and delivered to Charles St. Sure a promissory note for the sum of $700, payable November 11, 1886, and to secure payment thereof executed and delivered to him a mortgage on certain lands, which are described; that on August 25, 1886, the defendants Griffith & Stose recovered and caused to be docketed a judgment against said Bunnel for the sum of $303.26; that on October 21, 1886, Bunnel made and delivered to plaintiff his promissory note for the sum of $1,200, payable two years after date, and to secure payment thereof he executed and delivered to plaintiff a mortgage on the same property owned by him and described in the St. Sure mortgage; that plaintiff made the loan of $1,200 to Bunnel upon the express agreement with the latter that the St. Sure mortgage should be satisfied and discharged by said Bunnel out of the sum loaned to him by plaintiff; that thereupon the plaintiff paid St. Sure the amount due on the note which he held against Bunnel ($904.16), and St. Sure released Bunnel from the indebtedness and canceled the mortgage; that on November 8, 1886, an execution upon the judgment referred to was procured by Griffith & Stose, and that they, at execution sale, after due proceedings, became the purchasers of the land described in the mortgage; that the property was sold at said sale December 11, 1886, for the sum of $315.60, and on June 23, 1887, no re-

demption from the sale having been made, the sheriff executed and delivered a deed to Griffith & Stose; that the St. Sure mortgage was recorded August 3, 1885, and the mortgage to plaintiff on the day it was executed.

Upon these facts, plaintiff prayed for a foreclosure of his mortgage, a sale of the property, and payment to him of the amount of $904.16, with interest thereon from the date of the discharge of the St. Sure mortgage. His contention is, that by virtue of his agreement with Bunnel and the payment and discharge of the St. Sure mortgage, he was subrogated to all the rights of St. Sure, and that the lien which was superior to the lien of the judgment, though changed in form, still subsists.

It will be observed that there is no averment of fraud, accident, or mistake, or of any real or colorable necessity on the part of plaintiff to pay the St. Sure mortgage, in order to protect his own interests. Plaintiff was a mere volunteer party to the transaction. It is not claimed that Griffith & Stose had any notice of the agreement between plaintiff and Bunnel, or of the fact that plaintiff paid off the St. Sure mortgage with money procured from Bunnel. At the time they purchased the land, the St. Sure mortgage was satisfied and canceled of record. Before they were informed of the facts upon which appellant relies for subrogation, they changed their position. They purchased the property in good faith, for a valuable consideration, without notice of appellant's claim that there was a lien superior to their judgment lien. We cannot say whether they would have paid $316.60, or any other sum, for the property if they had known of plaintiff's claim, but it is sufficient to say, they did change their position before they had any notice of the facts.

We think the learned judge of the court below, in reviewing the authorities, correctly held that this case falls within the principle discussed and applied in *Persons v. Shaeffer*, 65 Cal. 79. It was there held that a lien will be kept alive, under some circumstances, in favor of one who has paid the lien-holder, although the

latter has satisfied and discharged it of record; but that where the equity is a latent one, the lien will not be kept alive to the prejudice of a subsequent *bona fide* purchaser. (See also *Guy* v. *Du Uprey*, 16 Cal. 196; 76 Am. Dec. 518; *Bunn* v. *Lindsay*, 95 Mo. 250; 6 Am. St. Rep. 48 (a case very much like this); 2 Pomeroy's Eq. Jur., p. 102, sec. 658.)

The judgment is affirmed.

HARRISON, J., and GAROUTTE, J., concurred.