[No. 18219.  Department Two.—March 13, 1894.]

R. SHAFFER, RESPONDENT, v. H. H. McCLOSKEY ET AL., APPELLANTS.

MORTGAGE—SATISFACTION BY COTENANT—DEED OF TRUST—SUBROGATION.—Where two tenants in common have executed a mortgage to secure the purchase money of the land owned by them as cotenants, and one of them, being unable to pay his share of the mortgage, has conveyed his interest in the land to his cotenant, in consideration that the latter shall pay the full amount remaining due on the mortgage, and the mortgage is afterwards satisfied of record upon such payment, without knowledge on the part of the person making the payment that his grantor had previously made a deed of trust of his half of the land, the person paying the mortgage may maintain an action to revive it, and to be subrogated to the rights of the assignee of the mortgage as against the holder of the deed of trust.

ID.—RIGHTS OF SUBSEQUENT LIEN-HOLDER.—A subsequent lien-holder who has not acquired his lien after a prior mortgage has been marked satisfied, and has not been led by a clear record to invest money on the land, but who took the encumbrance while the mortgage was in full legal existence, recorded and unsatisfied, and with perfect understanding that it was a valid lien, will not be permitted in equity to take advantage of an inadvertence or mistake in the satisfaction of the mortgage.

ID.—MERGER.—In respect to the merger of a lesser estate in a greater, equity is not controlled by the rules of law; but is governed by the actual or presumed intention of the person in whom the interests are united.

ID.—EQUITABLE SUBROGATION.—One who is forced to pay the debt of another in order to protect his own interest, and who is not a mere volunteer or intermeddler, is entitled in equity to be subrogated to the debt.

ID.—RECORD OF SUBSEQUENT LIEN—RIGHT OF SUBROGATION UNAFFECTED.—
The fact that a subsequent lien or deed of trust was recorded is imma-
terial to the right of a payer to revive a prior satisfied lien, and to be
subrogated to such prior lien.

ID.—CHANGE OF LEGAL RIGHTS BY MISTAKE—EQUITY—RESTORATION OF
FORMER CONDITIONS.—When the legal rights of parties have been
changed by mistake, equity restores them to their former condition
when it can be done without interfering with any new rights acquired
on the faith and strength of the alteied condition of the legal rights,
and without doing injustice to other persons.

ID.—RECONVEYANCE OF LAND.—It is not necessary that the one-half of the
land be reconveyed to the cotenant who granted it where the decree for
equitable relief is based upon the theory that the mortgage is revived,
and the one-half interest in the land considered as belonging to the co-
tenant by whom it has been conveyed to the plaintiff, and his undivided
half decreed to be sold to satisfy one-half of the mortgage debt.

APPEAL from a judgment of the Superior Court of
Nevada County.

The facts are stated in the opinion of the court.

*James F. Peck,* for Appellant.

*Frank H. Farrar,* and *Farrar & Ostrander,* for Re-
spondent.

McFARLAND, J.—Plaintiff brought this action for a
decree reviving a certain mortgage, and subrogating
him to the rights of the assignee of said mortgage.
Judgment went for plaintiff, and defendants appeal
from the judgment upon the judgment-roll, which in-
cludes findings, their general contention being that
upon the findings the judgment should have been for
defendants.

The facts are, briefly, these: The plaintiff, Shaffer,
and the defendant, McCloskey, were, on February 11,
1888, the owners, as tenants in common, by purchase
from one Fahey, of certain land described in the com-
plaint; and on that day, as the main part of the pur-
chase money, they made to Fahey their promissory
notes for certain sums of money to be due at different
times, and also executed to him a mortgage upon the
said land to secure said notes.    Fahey assigned the

notes and mortgage to the First National Bank of Merced. A part of the money secured by the mortgage was paid by plaintiff and McCloskey, but when the whole amount became due—five thousand nine hundred and fifty-two dollars and fifty cents being unpaid—McCloskey was unable to pay his share; and as the holder of the mortgage was pressing for the money, the plaintiff was compelled to pay the whole amount in order to protect his own interest in the land. Under these circumstances McCloskey promised verbally that he would assign his one-half interest in the land to plaintiff if the latter would pay the full amount due on the notes and mortgage. Plaintiff agreeing to this, McCloskey conveyed his half of the land to plaintiff, and plaintiff paid the full amount remaining due on the mortgage, and Fahey satisfied the same on the record. This occurred on February 1, 1890. McCloskey did not inform plaintiff that he, McCloskey, had created any other encumbrance on his half of the land, and plaintiff had no actual knowledge of any such encumbrance. He supposed when he paid the amount due on the mortgage and had it satisfied that the land was then free of any lien, and he would not have paid off the mortgage as aforesaid if he had known of any other lien.

It turned out, however, that without plaintiff's knowledge, McCloskey, after the execution of said mortgage, and before its satisfaction as aforesaid, had executed a deed of trust of all his interest in the land to one John Ruddle for the benefit of the Merced bank, a corporation made a defendant in the action, to secure a certain sum of money; and that said deed of trust had been recorded in the county recorder's office on November 10, 1888. (Certain proceedings were had under said deed of trust by which McCloskey's interest was, after this action was commenced, sold to the defendant Howell; but they do not affect the questions here involved.) Appellants contend that under these facts all rights of respondent under the mortgage were merged in the deed from McCloskey, and that he was bound by

the constructive notice given by the recordation of the trust deed.

Counsel for both sides have exercised great industry in presenting this case to the court, and they have argued it in their briefs with great learning and ability. If we do not notice in detail the many views which they have taken, and the numerous authorities which they have cited, it is not because we do not appreciate their efforts to aid the court, but because such a course would carry an opinion beyond reasonable length.

In our opinion the judgment should be affirmed. It will be noticed that the judgment in this case does not weaken any position which appellants were induced to take by any conduct of the respondent. It does not take away from them any money which they were induced to invest by any act or laches of respondent; nor does it lessen the value of any security which he in any way induced them to take. They did not acquire any lien after the mortgage had been marked satisfied, and were not led by a clear record to invest money in the land. They took the deed of trust while the mortgage was in full legal existence, recorded and unsatisfied, and with perfect understanding that it was a valid prior lien, and they are merely seeking to take an advantage offered by an inadvertence or mistake of respondent. This is what equity will not allow.

As to the question of merger, it must be remembered that, with respect to that subject, equity is not controlled by the rules of law. The case of *Rumpp* v. *Gerkens*, 59 Cal. 496, is very similar on this point to the case at bar. In that case Rumpp brought suit to foreclose a mortgage executed to him by Gerkens, and Leonis was made a defendant as claiming some interest in the land mortgaged. Leonis had a prior mortgage executed by Gerkens upon the same land, but he had taken a deed of the land from Gerkens upon his promise to discharge and cancel the mortgage. This was done, however, without any actual knowledge of the second mortgage to Rumpp. The court below decreed that the amount

of the mortgage of Leonis should be first paid. Upon appeal here plaintiff contended that the first mortgage had merged in the conveyance of the fee to Leonis, but this court affirmed the judgment. Thornton, J., in delivering the opinion of the court, said: "In law a merger always takes place when a greater estate and a less coincide and meet in the same person in one and the same right, without any intermediate estate. The lesser estate is said to be annihilated or merged in the greater; but a court of equity is not guided in this matter by the rules of law. It will sometimes hold a charge extinguished when it would continue to exist in law, and sometimes preserve it when at law it would be merged. The question is one of intention, actual or presumed, of the person in whom the interests are united." The same principle was applied to *Brooks* v. *Rice*, 56 Cal. 428. There are many other authorities to the same effect. We do not think, therefore, that in the case at bar the doctrine of merger can be successfully invoked by appellants.

We are satisfied that the rule of equitable subrogation was properly applied by the court below in this case. Without referring to foreign authorities, the case at bar is fully within the principle declared in *Matzen* v. *Shaeffer*, 65 Cal. 81; *Rumpp* v. *Gerkens*, 59 Cal. 496; *Swift* v. *Kreamer*, 13 Cal. 526; 74 Am. Dec. 603; *Carpentier* v. *Brenham*, 40 Cal. 221; *Carr* v. *Caldwell*, 10 Cal. 380; 70 Am. Dec. 740; and *Tolman* v. *Smith*, 85 Cal. 280.) In many of the cases cited by appellants the party seeking subrogation was a mere volunteer, or intermeddler; but in the case at bar respondent was an original party to the transaction, and forced to the course taken by him in order to protect his own interests. The fact that the deed of trust was recorded is of no value. In many of the cases cited by respondent, and particularly in *Rumpp* v. *Gerkens*, 59 Cal. 496, and *Brooks* v. *Rice*, 56 Cal. 428, the junior mortgage had been recorded. Respondent clearly intended that his payment of the mortgage

should inure to his own benefit, and not to the benefit of appellants; and there is no equitable ground upon which appellants can object to it so inuring. They were not led astray by the payment of the prior mortgage, and are left in the exact position which they expected to occupy when the trust deed was taken. As was said by the supreme court of Oregon in *Pearce* v. *Buell*, 22 Or. 29, a very interesting case on the subject—"The principle running through all cases of this class, says Barculo, J. (1 Barb. 392), 'is that when the legal rights of parties have been changed by mistake, equity restores them to their former conditions when it can be done without interfering with any *new rights* acquired on the faith and strength of the altered condition of the legal rights, and without doing injustice to other persons.'"

It is contended that respondent should have offered to reconvey one-half of the land to McCloskey. This appeal is evidently prosecuted in the interests of appellants other than McCloskey; but the whole decree is based upon the theory that the mortgage is revived, and the half interest in the land considered as belonging to McCloskey; and his undivided half is decreed to be sold to satisfy one-half of the mortgage debt. This protects the rights of every party, and remits each to his original status.

The judgment is affirmed.

DE HAVEN, J., and FITZGERALD, J., concurred.