[Sac. No. 581. Department Two.—July 7, 1899.]

## C. H. DARROUGH, Appellant, v. HERBERT KRAFT COMPANY BANK et al., Respondents.

TRUST DEED—PAYMENT BY PURCHASER—RELEASE—UNKNOWN JUDGMENT LIEN—PRIOR SECURITY—SUBROGATION.—A purchaser from the grantor of a trust deed, who has paid off the note secured thereby, and received a release, without actual knowledge of the existence of a subsequent judgment lien upon the premises, is entitled in equity to be treated as the assignee of the note secured by the trust deed, and to be subrogated to the prior security, and to have it revived and enforced as against the holder of the junior lien of the judgment, whose rights cannot be prejudiced thereby, but will be in the same condition as if the trust deed were originally enforced.

ID.—CONSTRUCTIVE NOTICE—DOCKETING OF JUDGMENT.—The constructive notice inferred from the docketing of the judgment does not estop the purchaser, or affect his right to be subrogated to the prior security which was paid off in actual ignorance of the existence of the junior lien of the judgment.

APPEAL from a judgment of the Superior Court of Tehama County. John F. Ellison, Judge.

The facts are stated in the opinion.

Johnson & Chase, for Appellant.

The complaint shows an equitable right in the purchaser to be subrogated to the security of the trust deed, and to have it

revived and enforced as against the unknown junior lien. (1 Jones on Mortgages, secs. 876, 877; 3 Pomeroy's Equity Jurisprudence, secs. 1211-13; 24 Am. & Eng. Ency. of Law, 253; *Barnes v. Mott*, 64 N. Y. 397; 21 Am. Rep. 625; *Arnold v. Green*, 116 N. Y. 566; *Short v. Currier*, 153 Mass. 182; *Matzen v. Shaeffer*, 65 Cal. 81; *Persons v. Shaeffer*, 65 Cal. 79; *Tolman v. Smith*, 85 Cal. 280; *Shaffer v. McCloskey*, 101 Cal. 576, 580, and cases cited; *Hines v. Ward*, 121 Cal. 115; *Lowman v. Lowman*, 118 Ill. 582; *Everson v. McMullen*, 113 N. Y. 293; 10 Am. St. Rep. 445; *Gerdine v. Menage*, 41 Minn. 417.) The same rule applies to subrogation to a trust deed, as to a mortgage. (*Young v. Morgan*, 89 Ill. 199; *Johnson v. Tootle*, 14 Utah, 482.)

Coffman & Coffman, for Respondents.

The purchase was voluntary, and subject to incumbrances; and the purchaser was not entitled to subrogation. (3 Minor's Institutes, pt. I., pp. 420, 421; 2 Story's Equity Jurisprudence, 340, and note; 3 Pomeroy's Equity Jurisprudence, sec. 1206; 1 Jones on Mortgages, sec. 874; Sheldon on Subrogation, secs. 3, 11; *Hough v. Insurance Co.*, 57 Ill. 318; 11 Am. Rep. 18; *Suppiger v. Garrels*, 20 Ill. App. 645; *Booker v. Anderson*, 35 Ill. 96; *Garwood v. Eldridge*, 2 N. J. Eq. 145; 34 Am. Rep. 195; *Bunn v. Lindsay*, 95 Mo. 250; 6 Am. St. Rep. 48; *Bishop v. O'Conner*, 69 Ill. 431; *Bentley v. Whittemore*, 18 N. J. Eq. 366; *Edinburg etc. Co. v. Latham*, 88 Ind. 88; *Goodyear v. Goodyear*, 72 Iowa, 329; 24 Am. & Eng. Ency. of Law, 259, 260.)

GRAY, C.—A demurrer to the complaint, as amended, was sustained; plaintiff refused to further amend his complaint, and the judgment was entered against him, from which he appeals.

From the complaint and amendments thereto it appears that on May 13, 1893, the defendant Halley executed a note for one thousand and fifty dollars to the defendant Bank of Tehama County, and on the same date, to secure the payment of said note, said Halley executed a trust deed of certain real estate to the defendants Brown and Cahoone, as trustees. Thereafter, and on the 26th of April, 1895, Herbert Kraft recovered and docketed a judgment against said Halley for six hundred and eleven dollars and seventy-one cents. On April 29, 1895, this

judgment was assigned to defendant Kraft Company Bank. On the 13th of May, 1895, appellant purchased from Halley his equitable interest in said real estate for one hundred and twelve dollars, receiving a grant deed therefor, under which he has been in possession of said premises ever since. On May 15, 1895, appellant paid the balance due to the Bank of Tehama County on said note, amounting to upward of eleven hundred dollars, and the said trustees named in said deed of trust made a deed of reconveyance of said real estate to appellant, and appellant had the same duly recorded and the note was marked paid by the bank and surrendered to Halley. Appellant paid this note and took this deed under a mistake of fact; he, knowing nothing of the judgment of Kraft, believed the premises to be free from that encumbrance. Had he known of the judgment he avers that he would have taken an assignment of the note and directed the trustees to sell the said real property to satisfy the same. Appellant seeks in this action to be treated as the equitable assignee of said note and to be subrogated to all the rights that the Bank of Tehama County had therein and in said trust deed, to have the said real property sold to satisfy said note, and to have the rights under the aforesaid judgment subordinated to appellant's rights under the trust deed and promissory note, and also to have the Herbert Kraft Company Bank enjoined from selling said real property under execution under said judgment. It appears further that the said real property is of less value than the amount claimed to be due to appellant as equitable assignee of said note.

I am of opinion that the facts stated bring the case within the principles laid down by this court in *Matzen v. Shaeffer*, 65 Cal. 81; *Shaffer v. McCloskey*, 101 Cal. 576; and *Hines v. Ward*, 121 Cal. 115, and that the demurrer should have been overruled. The above cases seem to hold that a junior lienholder shall derive no advantage over a senior lien where such senior lien has been paid off and canceled by the owner of the premises to which the liens attached without actual knowledge, on the part of such owner, of the existence of such junior lien; and that it will be presumed that such owner made the payment for his own benefit and not for the benefit of the junior lienholder, and for the protection of his interests equity will treat such

owner as the assignee of the original senior lienholder, and will revive and enforce such senior lien for his benefit.   The cases cited above treat altogether of mortgage liens, but I take it the same doctrines of equity therein discussed are applicable to trust deeds given to secure the payment of promissory notes.   I find this same doctrine of "equitable assignment" applied to a trust deed by the supreme court of Illinois in *Young v. Morgan,* 89 Ill. 199.   In that case the court held that where a party sold land subject to a deed of trust, which was a prior lien to that of a judgment, the purchaser assuming the payment of the debt secured by the trust deed as a part of the purchase money, and the purchaser paid the same, taking a release of the trust deed instead of an assignment thereof, in equity the lien of the trust deed was not extinguished in favor of the judgment creditor, but that the purchaser was entitled to assert the same for his own protection and have a sale under execution, issued on said judgment, set aside.   The court said in that case: "The payment of the debt secured by the trust deed was not a voluntary payment by a stranger, but it was a payment which appellant was compelled to make in order to the protection of his title to this land which he had purchased."

Respondent cites *Guy v. Du Uprey,* 16 Cal. 197, 76 Am. Dec. 518, in support of the judgment, but that case differs as to the facts from the case at bar, for the court therein say: "The person who advanced the money had no interest in the payment of the debt or the release of the mortgage"; and further: "He was fully advised of the facts."   In the case under consideration the appellant clearly had an interest in the payment and discharge of the debt, which was an encumbrance upon the land he had bought, and besides he was not "advised of the fact" of the existence of the subsequent judgment lien.   The constructive notice inferred from the docketing of the judgment is of no value here and does not estop the appellant to urge that the note was canceled and not assigned because of his mistake arising out of an absence of all knowledge as to the existence of the judgment.   (*Shaffer v. McCloskey, supra.*)

In *Persons v. Shaeffer,* 65 Cal. 79, and *Richards v. Griffith,* 92 Cal. 493, 27 Am. St. Rep. 156, cited by respondent, the prior liens were canceled of record prior to the time the subsequent

liens attached, so that the subsequent lienholders and purchasers were in position to claim the rights of *bona fide* purchasers without notice. In this case, however, no such claim can be made, as the trust deed was a matter of record, the land had not been redeeded or the note paid at the time the judgment was docketed and the judgment lien became attached to the land. Respondents were not misled to their prejudice by any act of appellant, and, notwithstanding it be held herein that the appellant is entitled to the relief asked in his complaint, their judgment lien is of no less value to them on that account than when it first attached.

Those objections to the complaint, other than such as are based on the ground of insufficiency of facts to show a cause of action, do not require treatment in this opinion. The propriety of an injunction is not here discussed.

For the foregoing reasons I advise that the judgment be reversed and the cause be remanded, with directions to the court below to overrule the demurrer.

Britt, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the judgment is reversed and the cause remanded, with directions to the court below to overrule the demurrer.

Henshaw, J., Temple, J., McFarland, J.

Hearing in Bank denied.