W. D. KUHN v. THE NATIONAL BANK OF HOLTON *et al.*
No. 14,728. (87 Pac. 551.)

SYLLABUS BY THE COURT.

1. EXECUTION SALE — *Injunction by Purchaser Who Assumed Mortgage—Notice of Judgment Lien.* Where one who has no interest in or lien upon it buys a tract of land which is encumbered by three mortgages and two judgments of record, and, as a part of the purchase-price, assumes and agrees to pay the mortgages, and afterward does pay one of them, such purchaser is not entitled to an injunction to prevent a sheriff's sale of the land which has been advertised under executions issued upon such judgments to be made subject only to the two unpaid mortgages.

2. MORTGAGES—*Payment—Subrogation.* In such a case the purchaser is not entitled to have the paid mortgage, which has been released of record, revived for his protection, nor is he entitled to be subrogated to the rights of the mortgagee thereunder, and it is quite immaterial whether he had actual knowledge of the existence of the judgments at the time of his purchase or at the time of paying the mortgage. He is conclusively presumed to know what the proper records of the county disclose, which, by statute, are made constructive notice to all.

3. TITLE AND OWNERSHIP—*Bona Fide Purchaser—Notice of Existing Liens.* In such a case the purchaser takes the legal title to the land subject to all liens which are properly of record, and subject also to other liens of which he has actual notice.

Error from Jackson district court; C. F. HURRELL, judge. Opinion filed October 6, 1906. Affirmed.

## STATEMENT.

THE plaintiff in error, having at the time no interest whatever in or lien upon the land, purchased a tract of land which was encumbered by three mortgages. At the time of the purchase, and for some time prior thereto, abstracts of two judgments rendered by a justice of the peace against Kuhn's grantor and in favor of the National Bank of Holton had been on file in the district court of Jackson county, in which county the land was located, and such judgments were liens upon the land in question. By his contract of purchase Kuhn assumed and agreed to pay the mortgages against the land and all unpaid taxes thereon. He paid one of the mortgages, procuring the money therefor principally by a loan which he secured by executing a new mortgage on the land. Subsequently Kuhn paid the mortgage given by him to secure the loan, leaving only the two mortgages which he had assumed to pay and the two judgments as liens upon the land.

Thereafter the National Bank of Holton, the owner of the two judgments, caused execution to be issued thereon, and the sheriff of Jackson county, not finding goods or chattels of the judgment debtor to satisfy the executions, levied the same upon the land in question and advertised it for sale, subject only to the two unpaid mortgages. Thereupon Kuhn brought this suit in the district court of Jackson county to enjoin the bank and the sheriff from proceeding with the sale. A temporary injunction was granted during the pendency of the suit, and in due time a trial was had before the court and the temporary injunction was dissolved, a permanent injunction was refused, and judgment was rendered against the plaintiff. He brings the case here for review.

*Hursh & Walton,* and *John D. Myers,* for plaintiff in error.

*Hayden & Hayden,* for defendants in error.

The opinion of the court was delivered by

SMITH, J.: Two objections to the action of the court in this case are presented: (1) The exclusion of evidence offered to show that the plaintiff had no actual knowledge of the existence of the judgments or judgment liens on the land at the time he purchased it; (2) that, upon the facts, not the defendants but the plaintiff was entitled to judgment.

If, as it has uniformly been decided, a purchaser of either real or personal property is bound to take notice of the facts affecting the title to the property which the records of the county show, and which records the statutes provide shall be public notice, then it is quite immaterial whether or not Kuhn had actual knowledge of the existence of the judgments. In the absence of conduct on the part of the person who afterward asserts the facts shown by the records to the prejudice of the purchaser which prevents an examination of the records or induces the purchaser not to make such examination, it is negligence for a purchaser of either real or personal property to make the purchase without ascertaining the facts shown by the records which may affect the title to be acquired. In the absence of such fraudulent conduct the purchaser will be presumed to have bought with knowledge of all the facts which the records at the time would have disclosed. Equity cannot be invoked to relieve one from the consequences of his own negligence. (*Hargis v. Robinson,* 63 Kan. 686, 66 Pac. 988.)

If, then, as is to be presumed, Kuhn bought the land with knowledge that the three mortgages and two judgments were subsisting liens thereon, and assumed and agreed to pay the mortgage debts but ignored the judgment liens, is he entitled, having paid one mortgage,

to be substituted to the position of the holder of the mortgage paid and to have the mortgage considered unpaid when an attempt is made to sell the land on execution to satisfy the judgments? If so, having paid the senior mortgage lien, could he not, in a suit to foreclose the second mortgage, claim subrogation as to the first? Or, having paid the first and second, could he not claim subrogation as to both, in a suit to foreclose the third? Sufficient answer it is to say that the equitable relief of subrogation was not designed to aid speculation nor to relieve litigants from the consequences of their own negligence, ignorance or mistakes of judgment. (*Hargis v. Robinson, supra.*) This equitable relief originated in the evident justice of substituting a surety who has been compelled to pay the debt of his principal to the place of the creditor as against other creditors affected by the transaction. It has on principle been extended to the relief of junior lien-holders who, to protect their own interests, have been compelled to pay off prior liens, and to other cases where natural justice required its application and where no violence was done to legal rights of others.

It is urged in behalf of plaintiff that at the time he bought the land in question it was of no greater value than the amount of the three mortgages and taxes due thereon. We are not cited to any evidence and have scanned the record in vain to find evidence in support of this assertion. Whether the land was worth more or less than the debts assumed, which constituted the only consideration for the purchase, is probably immaterial. At the time Kuhn made the purchase he had no interest in the land to protect. At the time he paid the Myers mortgage he did not stand in the relation of surety for its payment; by his contract he had made it his debt. He became the principal debtor, and his grantor, who executed the note and mortgage, became the surety. (*Schmucker v. Sibert,* 18 Kan. 104, 26 Am. Rep. 765; *Rouse v. Bartholomew,* 51 Kan. 425, 32 Pac. 1088.)

We have not been cited to any authority, nor have we found any, supporting the proposition that an independent purchaser of real property encumbered with liens who has no interest to protect therein, and no other equitable claim, can assume the payment and pay such lien or liens as he may choose and claim subrogation as against all inferior liens, save the cases of *Darrough v. Herbert Kraft Co. Bank,* 125 Cal. 272, 57 Pac. 983, and *Matzen v. Shaeffer,* 65 Cal. 81, 3 Pac. 92. These cases do not appear to be in accord with the weight of authority nor with the accepted reason for granting this equitable relief, and are disapproved. The case of *Young v. Morgan,* 89 Ill. 199, does not appear to be in point, as the land in question was a homestead at the time of the sale and the judgment creditor had no lien thereon; the homesteader had a right to sell the land clear of creditors' claims.

The case of *Plumb v. Bay,* 18 Kan. 415, is cited in support of plaintiff's claim. In that case the mortgage paid by Plumb, the lien of which was preferred to an apparently prior judgment lien, was given for the purchase-price of the land. In *Bowling v. Garrett,* 49 Kan. 504, 31 Pac. 135, 33 Am. St. Rep. 377, the purchaser had a mechanic's lien on the land to protect at the time he purchased it, and his equity for this and for a mortgage on the land which he had assumed and agreed to pay as a part of the purchase-price, and afterward had in part paid, was preferred to the lien of a judgment rendered in an action begun after the mechanic's and mortgage liens had attached.

The decisions of this court have been liberal in allowing subrogation where any equity required it and no legal right of others was encroached upon, but in no case does it appear the court has gone to the extent demanded in this case. Whether Kuhn would have purchased the land had the judgment liens been brought to his attention, assuming he had no knowledge of them, is a question of pure speculation, as they were for small amounts. Being charged with the knowledge

of these liens, and having no interest to protect, he must be held to have simply stepped into his grantor's shoes. When he paid off a mortgage that was prior to the judgment lien it had the same effect as if the payment had been made by the grantor before he parted with his title.

The judgment of the district court is affirmed.

All the Justices concurring.