EUGENE GULICK, Appellant, v. F. V. PECKENPAUGH, FREDERICK BAIRD, C. L. WALDRON, C. M. McELFRESH, and VAIL PURDY.

**Vendor and purchaser:** MORTGAGES: LATENT LIEN FOR INTEREST: NOTICE. A purchaser of land who redeems from the foreclosure of a third mortgage is chargeable with notice of a first mortgage which is of record and of the amount due theron, but is not chargeable with notice of a latent lien for interest on the first mortgage paid by a second mortgagee to prevent foreclosure of the first mortgage while he was foreclosing the second mortgage, and which was not included in the judgment and sale of the land under the second mortgage.

*Appeal from Monona District Court.*—HON. F. R. GAYNOR, Judge.

MONDAY, MARCH 11, 1912.

ACTION of foreclosure resulted in the dismissal of the petition. Plaintiff appeals.—*Affirmed.*

*C. E. Underhill* and *Shaw, Sims & Kuehnle,* for appellant.

*J. W. Anderson,* for appellees.

LADD, J.—On May 16, 1906, the defendant Pecken-

paugh executed to plaintiff his note for $3,500 and mortgage on a one-half section of land in Monona county to secure payment thereof. This was subject to a prior mortgage of $8,000 which had been executed to one Ordway by Seright, a former owner of the land. Subsequently a third mortgage was executed to Holbrook & Bro. Owing to default in payment, the plaintiff began proceedings in foreclosure, June 3, 1908, and decree was entered as prayed September 8th following. While the action was pending, July 13, 1908, in order to protect and preserve his mortgage lien and to prevent foreclosure of the first mortgage, plaintiff was compelled to and did pay said Ordway $400 delinquent interest on the first mortgage. This was not included in the judgment on which special execution issued, and the land was sold. Subsequently Holbrook & Bro. by virtue of the third mortgage redeemed from the sheriff's sale, but did not pay or offer to pay the $400 last mentioned. About November 1, 1909, the defendants other than Peckenpaugh acquired title to the land and redeemed from Holbrook & Bro. Holbrook & Bro. had declined, on demand, to repay plaintiff the $400 paid to Ordway. Thereafter the first mortgage was foreclosed, judgment being rendered for about $9,000 December 13, 1910, and the property sold under special execution April 22, 1911. The defendants in making redemption did so without knowledge of the payment of the $400 as interest on the first mortgage July 13, 1908, and made no inquiry concerning the amounts paid thereon or delinquent interest, and were without information other than that imparted by the record. This action was begun May 13, 1910, praying that he be subrogated to the first mortgage to the extent of the interest paid to Ordway, and that he have judgment therefor with accrued interest, attorney fees, and that decree of foreclosure be entered against the land. That, upon the payment of the interest on the first mortgage by plaintiff for the protection of his own security, the second mortgage,

he became entitled to be subrogated to the rights of the first lienholder, is not questioned. *Bowen v. Gilbert,* 122 Iowa, 448; *Bennett v. First National Bank,* 128 Iowa, 5.

But it is contended that this right has been lost because of the subsequent redemption of the land by the defendants as owners for value without notice. Undoubtedly the plaintiff might have obtained relief in his action to foreclose the second mortgage had he prayed therefor in a supplemental petition, and probably he might have bid enough at the sale to include the interest paid on the first mortgage, or have effected redemption by virtue of such interest payment, and thereby have added the same to the amount the holder of the third mortgage must have paid to effect redemption. *Stephens v. Mitchell,* 103 Iowa, 65. But he pursued none of the courses mentioned, and upon the redemption from the sheriff's sale any claim to subrogation he might have had became latent, and may not be enforced against *bona fide* purchasers. Such a lien will not be kept alive to the prejudice of purchasers of the land for value and without notice. *Persons v. Sheffer,* 65 Cal. 79 (3 Pac. 94); *Ahern v. Freeman,* 46 Minn. 156 (48 N. W. 677, 24 Am. St. Rep. 206); *Raymond v. Whitehouse,* 119 Iowa, 132. The defendants in redeeming, paid value, and the only issue in controversy is whether this was done without notice. They were without notice other than that imparted by the record. That disclosed that plaintiff's mortgage had been foreclosed, and that his interest in the lien had been entirely divested by the redemption effected by Holbrook & Bro. from the sheriff's sale. Defendants then had the right to assume that plaintiff retained no lien on the property, and that in redeeming from Holbrook & Bro. they acquired the property subject to the lien of the first mortgage only. The record indicated that Ordway, the mortgagee therein, still retained this mortgage, and, had inquiry been made of him, it must be assumed that he would have disclosed the amount of principal and in-

terest unpaid, and to this extent defendants were charged with notice; that is, even though they did not inquire, they should be assumed to have known what would have been elicited on reasonable inquiry. Ordinarily, neither the mortgagee nor the purchaser of the subject incumbered are concerned with the manner past payments of principal or interest have been effected, and, in the absence of record or extrinsic proof of notice of the circumstances of such payments or by whom made, the purchaser is not put on inquiry concerning them. The defendants were charged by the record with constructive notice of the existence of the first mortgage and of the amount owing on the notes it was given to secure, but not of the existence of latent liens for interest paid by third persons retaining no other interest in or lien on the land.—*Affirmed.*