[S. F. No. 4565. In Bank.—May 25, 1906.]

MARY VOORMAN, an Insane Person, by her Guardian ad Litem, Petitioner, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, and THOMAS F. GRAHAM, Judge thereof, Respondents.

CERTIORARI—ORDER EXTENDING TIME TO PLEAD, DEMUR, OR MOVE— JURISDICTION.—*Certiorari* to review an order extending time to plead, demur, or move examines only the jurisdiction of the court to make the order complained of, and no mere error in the exercise of jurisdiction can be considered thereupon.

ID.—EXTENSION FOR THIRTY DAYS—STIPULATION FOR ANSWER—FURTHER EXTENSION OF TIME TO DEMUR OR MOVE.—Where, during an extension of thirty days in which to plead, demur, or move, plaintiff stipulated to extend time to answer to a fixed date, and the court ordered a further extension of fifteen days, expiring at a prior date,

in which to plead, demur, or move, plaintiff could not take default during the life of the stipulation, and the court had jurisdiction to determine whether the stipulation was binding or was subject to an oral contract that defendant should not demur, and to determine, whether rightly or wrongly, that defendant was entitled to demur; and its order allowing a demurrer to be filed within the fifteen days will not be annulled upon *certiorari.*

APPLICATION for Writ of Certiorari to the Superior Court of the City and County of San Francisco. Thomas F. Graham, Judge.

The facts are stated in the opinion of the court.

Aitken & Skaife, for Petitioner.

Livingston Jenks, for Respondents.

SLOSS, J.—On June 13, 1904, Mary Voorman, an insane person, by John R. Aitken, her guardian *ad litem,* commenced an action in the superior court of the city and county of San Francisco. Among the defendants are Heber C. Tilden and Alice Amanda Tilden, his wife, who were served with summons on December 15, 1905, and on December 19, 1905, respectively. On December 29, 1905, the said defendants obtained from the Hon. Thomas F. Graham, one of the respondents herein, an order extending their time to plead, demur, or move for thirty days from said twenty-ninth day of December. No pleading or motion was filed by defendants within the thirty days. On January 29, 1906, they applied for, and were granted, a further order extending their time to plead, demur, or move fifteen days from said twenty-ninth day of January. On January 31, 1906, the plaintiff, by her attorney, demanded of the clerk that he enter the default of said defendants. This demand was refused. On February 2, 1906, the plaintiff, upon due notice, moved the court to vacate the last order extending time, and to enter the default of defendants. The motion was denied, and defendants were given leave to demur forthwith.

This proceeding seeks to review the order of January 29th, extending the time after an extension of thirty days, and the order permitting defendants to demur.

Plaintiff contends that, under section 1054 of the Code of

Civil Procedure, the court has no power to extend time to plead beyond thirty days, and relies upon repeated rulings of this court to the effect that an order so made is in excess of jurisdiction and void. (*Baker* v. *Superior Court,* 71 Cal. 583, [12 Pac. 685]; *Gibson* v. *Superior Court,* 83 Cal. 643, [24 Pac. 152]; *Kennedy* v. *Mulligan,* 136 Cal. 556, [69 Pac. 291].)

But here it appears that on December 20, 1905, the plaintiff's attorneys granted to said defendants a stipulation giving them to the fifteenth day of February, 1906, to answer. Without regard to the order extending time, the defendants were not on the second day of February in default. To annul this order, in so far as it enlarges the defendants' time for answer, would not benefit plaintiff, since she was not, in view of her stipulation, entitled to their default when she moved for it. The petitioner seeks to avoid this conclusion by an affidavit in which she alleges that the stipulation extending defendants' time to February 15, 1906, to *answer,* was given upon the express understanding and condition that they should not demur, and that, by obtaining the extension of time to plead, demur, or move, defendants had violated their agreement, and there resulted a failure of consideration, justifying plaintiff in disregarding her stipulation. But this cannot be considered in the present proceeding, which examines only the jurisdiction of the court making the order complained of. Whether the stipulation was binding, or had lost its apparent effect by reason of oral conditions alleged by the plaintiff, was a question which the trial court had power to decide, if, indeed, it would have been justified in considering, as against a written stipulation, the claim of one party, denied by the other, that there were further conditions not expressed on the face of the writing.

Nor can any order of the lower court, in so far as it grants leave to demur, be reviewed under this writ. It is possible that defendants have waived their right to demur, but whether they have or not is likewise a question for the trial court to determine. In determining such question either way, the court is acting within its jurisdiction.

The proceeding is dismissed.

Beatty, C. J., Lorigan, J., Henshaw, J., and Angellotti, J., concurred.