[L. A. No. 4059. Department One.—December 20, 1917.].

## H. C. LEVEY, Respondent, v. GEO. W. HENDERSON et al., Appellants.

NONSUIT—DENIAL OF MOTION—WHEN ERROR CURED.—Error, if any, in denying a nonsuit for failure to prove an essential fact, is cured if the defendant proceeds with his defense, and the evidence thereafter given by the plaintiff supplies the defect.

PAYMENT—AFFIRMATIVE DEFENSE—BURDEN OF PROOF.—Payment is an affirmative defense, requiring proof by defendant to support it.

ID.—ACTION ON PROMISSORY NOTE—PRESUMPTION OF NONPAYMENT—POSSESSION OF NOTE BY PLAINTIFF.—In an action upon an indorsed promissory note, possession by the plaintiff of the note itself bearing no indorsement or other evidence of payment raises a presumption that the note is wholly unpaid.

PROMISSORY NOTE—APPEAL—CONFLICT OF EVIDENCE—FINDINGS CONCLUSIVE.—The supreme court cannot disturb findings made upon conflicting evidence.

APPEAL—EXCLUSION OF UNIMPORTANT EVIDENCE.—Exclusion of evidence which, if competent at all, merely serves to furnish a reason why appellants called as a witness one of the makers of a note sued on, was of too slight importance to justify a reversal, even if the ruling was erroneous.

PROMISSORY NOTE—JOINT MAKERS—RELEASE OF PLEDGED STOCK.—Where makers of a note all signed as principals, none being in fact surety for any of the others, none of them was released by the withdrawal of stock pledged as security for the payment of the note.

APPEAL from a judgment of the Superior Court of Los Angeles County.   John M. York, Judge.

The facts are stated in the opinion of the court.

Williams, Goudge & Chandler, and Goudge, Robinson & Hughes, for Appellants.

H. C. Millsap, for Respondent.

SHAW, J.—The defendants Henderson and Robinson appeal from the judgment.

The action is upon a joint and several promissory note dated January 19, 1909, for two thousand dollars, payable six months after date, executed to the Merchants National Bank by F. E. Davis, Lester L. Robinson, M. O. Whelan, Geo. W. Henderson, and Geo. C. Peckham. M. O. Whelan died before the action was begun. F. E. Davis and Geo. C. Peckham made no defense and their default was entered. The present appeal involves only the defense made by Robinson and Henderson. The complaint alleges that about January 20, 1910, the Merchants National Bank sold, assigned, and transferred the note to Frank G. Hogan, and indorsed thereon the words, "without recourse on us, Merchants National Bank, Los Angeles, Cal. By W. H. Holliday, President," and that thereafter Frank G. Hogan assigned the note to the plaintiff. Robinson and Henderson, in separate answers, each denied the assignments and alleged that, prior to January 20, 1910, the said promissory note was fully paid by the defendant F. E. Davis to the said Merchants National Bank.

The appellants claim that the court erred in denying their motion for a nonsuit on the ground that the indorsement and transfer by the bank were not proven. Where the defendant proceeds with his defense after his motion for a nonsuit is denied, and the evidence thereafter given by the other party supplies the defect or omission in the original evidence for the plaintiff, the ruling on the motion is not available as ground for the reversal of a judgment for the plaintiff. (*Ringgold* v. *Haven*, 1 Cal. 117; *Smith* v. *Compton*, 6 Cal. 24; *Schlessinger* v. *Mallard*, 70 Cal. 334, [11 Pac. 728]; *Russell* v. *Pacific Can. Co.*, 116 Cal. 530, [48 Pac. 616]; *Scrivani* v. *Dondero*, 128 Cal. 31, [60 Pac. 463]; *Lyon* v. *United Moderns*, 148 Cal. 472, [113 Am. St. Rep. 291, 7 Ann. Cas. 672, 4 L. R. A. (N. S.) 247, 83 Pac. 804].) This proposition disposes of the point. In the course of the trial thereafter there was ample evidence of the indorsement and transfer by the bank to Hogan.

The finding on the subject of payment of the note is that no sum whatever has ever been paid thereon, and, specifically, that F. E. Davis did not at any time pay either the principal or the interest of the note. The appellants contend that this finding is contrary to the evidence.

The defense of payment is affirmative matter and requires proof by the defendant to support and establish it, and possession by the plaintiff of the note itself, bearing no indorsement or other evidence of payment, raises a presumption that the note is wholly unpaid. (*Light* v. *Stevens,* 159 Cal. 292, [113 Pac. 659].) The claim of the plaintiff is that Davis paid the note. Davis testified that he had never paid the note or any part of it. Conceding that there was other evidence to the contrary, the result would merely be a finding against the defendants upon conflicting evidence. With such a finding we cannot interfere. So far as the defense of payment is concerned, the contention of the defendants upon this appeal is therefore without support.

The theory of the defendants appears to be that in some manner Davis himself became the owner of the note, and that proof of this fact controverts the finding of the court that the note had been signed and transferred to the plaintiff and had not been paid. There is evidence to the effect that in January, 1910, Davis executed a note to Hogan. As we understand the position of appellants, it is that this note was given to Hogan either as payment to Hogan of the note here sued on, which about that time was indorsed by the bank, or for a loan by Hogan to Davis for the purpose of enabling Davis to buy the note from the bank, and that the transfer by the bank, apparently to Hogan, was really for the benefit of Davis, the real purchaser. There was evidence, however, that the note executed by Davis to Hogan was given to Hogan merely as collateral security for the payment of the note in suit, that he had never been the owner of the note sued on, and that afterward, in a settlement of other transactions and dealings between them, this collateral note was returned by Hogan to Davis. Davis testified to that effect. The claim of the appellants that we must disregard the testimony of Mr. Davis because of its inherent improbability deserves little consideration. The inherent improbability does not appear in the record, and the court below evidently gave it full credit. It was corroborated on the main points by the testimony of Jutten and by documentary evidence. The makers of the note executed it as principals, and consequently the giving of the collateral note by Davis directly to Hogan created no equity in the other makers which entitles them to object to the subsequent return thereof by Hogan to Davis.

The collateral note was given long after the note sued on had matured; the other makers were not parties to the transaction, and they cannot complain of its rescission and the return of the Davis note. Giving the greatest effect possible to the evidence on which the appellants base their claims, it creates nothing more than a conflict of evidence, in which case this court cannot disturb the finding of the court below.

The defendants proved that several months after the note was indorsed by the bank to Hogan, and before any transfer to plaintiff Levey, Davis had delivered it to one Wilson, and that Wilson had brought a suit upon it in his own name, which was afterward dismissed. Claiming to be surprised by the testimony of Davis that he never had been the owner of the note and had not paid it, the defendants offered to prove that Davis, at the time he handed the note to Wilson, said to Wilson that the wife of Davis had the note and that Wilson could apply the proceeds of the collection on a debt owing by Davis to Wilson. The court refused to allow the evidence on the ground that Davis was the witness of the defendant, was himself a defendant, and that there was no evidence that he had any authority from Hogan to make such statements. The evidence thus sought to be elicited would not have been competent evidence against the plaintiff or Hogan to prove that Davis or his wife, and not Hogan, then owned the note. It would serve merely to furnish a reason why the appellants had called Davis to testify as their witness. As evidence for that purpose its exclusion was of too slight importance to justify a reversal of the judgment, even if it were erroneous, which we do not decide.

There is no force in the contention that the appellants were released by the withdrawal of a part of the stock which was originally pledged to secure payment of the note. The makers of the note all signed as principals, and it is not claimed that the appellants were in fact sureties for the others, or any of them. Nor is there any evidence to show that the stock was pledged by anyone as principal debtor, or by whom it was pledged. The release of the stock would therefore not operate to release any of the makers of the note. Moreover, that defense was not pleaded. No other points are presented that are worthy of discussion.

The judgment is affirmed.

Sloss, J., and Lawlor, J., concurred.