[Sac. No. 4172. In Bank.—July 16, 1929.]

FRANK R. PARKER et al., Respondents, v. C. S. TOUT et al., Appellants.

McKee, Tasheira & Wahrhaftig, W. T. Belieu and W. E. Johnson for Appellants.

Bond & Deirup and Jerome D. Peters for Respondents.

LANGDON, J.—This is an appeal from a judgment declaring a mechanic's lien in favor of plaintiffs to be prior in right to the mortgage lien of the defendant bank upon real property situated in Glenn County, California, and owned by the defendants Tout.

The facts in the case are not disputed. The defendant bank was the owner and holder of a note for $25,000, secured by a deed of trust upon this real property, which deed of trust was recorded June 17, 1922, and was a valid and subsisting first lien of record at the time the plaintiffs commenced the working of digging a well upon the property, which work is the basis of the mechanic's lien asserted in this action.

Shortly before May 14, 1924, Tout went to the bank and arranged to borrow some money to dig a well, intimating at the time that the well need be only about 100 feet deep. On May 14, 1924, Tout entered into a contract with plaintiffs to dig this well at an agreed price per foot. The well actually cost over $1,700, as it became necessary to drill much . deeper than was originally planned. The work of drilling the well commenced on May 25, 1924, and was completed July 7, 1924, and the notice of lien was not filed until September 18, 1924. While the well was being drilled, on June 28, 1924, Tout and his wife gave the defendant bank a new note secured by a new deed of trust as a renewal of.

the old note and interest and some additional advances for taxes, pump, well, etc., the aggregate of which amounted to $27,500. No payments had been made on the original note of $25,000 and the additional $2,500 represented the items above enumerated. This second deed of trust was recorded on July 2, 1924, before the recordation of the mechanic's lien, but after the work of drilling the well had been started. After the recordation of the second trust deed, on July 2, 1924, defendants W. W. Garthwaite and J. Y. Eccleston, as trustees under the first trust deed, executed and recorded a satisfaction thereof and the same was recorded in the office of the county recorder of Glenn County.

The evidence shows without conflict that before the acceptance of the renewal trust deed of June 28, 1924, and before satisfying the first trust deed of record, the bank had the records of Glenn County searched to ascertain if between the time of the execution of the first trust deed and the renewal thereof any encumbrances or liens had been placed thereon and after a report on the title, the bank accepted the renewal of the first trust deed and had the same recorded and then executed and recorded the satisfaction thereof. It was stipulated that the bank did not know of plaintiffs' and respondents' lien claim until the suit was filed and had no constructive notice thereof until September 18, 1924, when it was filed for record.

The trial court held that because the first trust deed had been satisfied of record, the mechanic's lien became a first lien and was prior in right to the lien of the second trust deed given in renewal of the first one, but recorded subsequent to the commencement of the drilling of the well, and consequently subsequent to the attaching of the mechanic's lien.

The only question involved in the appeal is whether equity will maintain and enforce the original priorities between the parties because of the fact that the plaintiffs and respondents herein had notice of the first trust deed for $25,000 when they commenced their work and because they engaged in such work upon property subject at the time to this trust deed and the bank exercised every precaution to protect its rights and was not negligent or careless in releasing the first trust deed and had no notice or knowledge of the mechanic's lien when it satisfied its first lien and accepted

a renewal note subsequent in time and right to the mechanic's lien. It would seem but just and equitable to give priority to the lien of the defendant bank for at least the amount of the original note with interest. As to the additional money advanced by the bank, and also secured by the second trust deed, the mechanic's lien would seem to be prior in right and this gives to the lien claimant a distinct advantage which he did not have when he commenced work upon the property, for this money went to pay taxes and to buy a pump and other equipment for the ranch, all of which increased the security of the lien claimant after the work was commenced.

Judicial authority is not lacking for such an equitable adjustment between the parties. In *Shaffer* v. *McCloskey*, 101 Cal. 576 [36 Pac. 196], the court held that a subsequent lienholder who has not acquired his lien after a prior mortgage has been marked satisfied, and has not been led by a clear record to invest money on the land, but who took the encumbrance while the mortgage was in full legal existence, recorded and unsatisfied, and with perfect understanding that it was a valid lien, will not be permitted in equity to take advantage of an inadvertence or mistake in the satisfaction of the mortgage.

In *Van Sandt* v. *Alvis*, 109 Cal. 165 [50 Am. St. Rep. 25, 41 Pac. 1014], a mortgagor had placed a homestead upon the mortgaged property after the execution of the mortgage. The mortgage debt became due and payable and an application was made to the executrix of the mortgagee for an extension of time on the debt. Thereupon, a new note and mortgage was executed and delivered by the mortgagor to the executrix as a renewal of the former debt. The wife did not join in the execution of the new note and mortgage. On the foreclosure proceeding it was held that while the first mortgage had been satisfied of record and the execution of the new note and mortgage was not legally effective as against the wife, in equity the transaction would be deemed as simply changing the form of the old mortgage, which would be enforced in equity as against the wife.

To the same general effect are the cases of *Boreman* v. *Hatfield*, 96 Wash. 270 [L. R. A. 1917E, 1052, 164 Pac. 921]; *White* v. *Stevenson*, 144 Cal. 104 [77 Pac. 828].

Respondents seek to prevent the application of the equitable doctrine in this case because it is contended that the bank had actual notice that a well was being dug upon the property. The bank claims to have advanced money to pay the contemplated cost of the well and included this advance in the second trust deed. It had no knowledge that a lien was to be asserted or filed when it released its first trust deed. In *Capital Lumbering Co.* v. *Ryan et al.*, 34 Or. 73 [54 Pac. 1095], it was sought to foreclose a mechanic's lien which had crept in between the renewal of a recorded mortgage and the satisfaction of the first lien. In that case the court said: "But the mere fact that a former mortgage was released and a new one taken in place thereof in ignorance of an intervening lien is in equity deemed such a mistake of fact as will entitle the plaintiff to relief although such a lien is a matter of record."

Justice and equity and well-established precedents compel a decree that the lien of the bank under its trust deed is superior in right to the mechanic's lien to the extent of the amount of the original note and interest thereon. The mechanic's lien is prior in right to the other advances secured by the trust deed for $27,500, which gives to the lien claimants an advantage which they had no right to expect when they commenced their work on the well, for, as we have stated, such advances were used in payment of taxes and to purchase equipment.

The judgment as to C. S. Tout and Anna J. Tout, his wife, is affirmed; and as to W. W. Garthwaite, J. Y. Eccelston, The Oakland Bank (a corporation), to stand reversed.

Curtis, J., Preston, J., Seawell, J., Waste, C. J., and Richards, J., concurred.