[Civ. No. 11025. First Appellate District, Division Two.—June 19, 1939.]

LOUIE JACK, Respondent, v. WONG SHEE et al., Defendants; SHOONG INVESTMENT COMPANY et al., Appellants.

Gavin McNab, Schmulowitz, Wyman, Aikins & Brune, Edward R. Eliassen, Brobeck, Phleger & Harrison, Charles A. Christin, Tobin & Tobin and Geo. A. Clough for Appellants.

Leo J. McEnerney, Leslie C. Gillen, Philip R. McEnerney and J. Bruce Fratis for Respondent.

NOURSE, P. J.—Plaintiff instituted the present action to foreclose a mortgage given him by Loui Hoy, now deceased,

upon certain real property located at the corner of Jackson and Stockton Streets, in the city of San Francisco. The defendants, The Shoong Investment Co., Rose Shoong, Nat Schmulowitz, as trustee for The Shoong Investment Co., Mercantile Mortgage Co., American Trust Co., as trustee for the Mercantile Mortgage Co., and Madison & Burke, as trustees, for The Shoong Investment Co., have appealed from the judgment in favor of plaintiff decreeing a foreclosure of his mortgage and sale of the property. Wong Shee, the alleged wife of Loui Hoy, was made a party defendant both individually and as administratrix of the estate of Loui Hoy, but she has not appealed from the judgment.

The findings, which are for the most part unattacked by appellants, show the following transactions concerning the property herein involved: The real property involved was conveyed to Loui Hoy on September 18, 1924, by a deed, duly recorded, from Joe Shoong and Rose Shoong. Record title stood in the name of Loui Hoy. On October 11, 1926, Loui Hoy and Wong Shee, as his wife, executed two promissory notes in favor of the Mercantile Trust Co. to evidence a total debt of $40,000. A trust deed to secure said notes was executed by Loui Hoy and Wong Shee and was recorded on November 10, 1926, and will be hereafter referred to as the Mercantile Trust Co. trust deed. On November 1, 1926, Loui Hoy borrowed $15,000 from John Kepner and executed two promissory notes totaling that amount. He and Wong Shee executed a trust deed in favor of John Kepner, as beneficiary, on the same date, and said trust deed, hereafter referred to as the first Kepner trust deed, was recorded November 10, 1926. It constituted a second lien on the property. On March 2, 1928, Loui Hoy executed a note and mortgage, hereafter referred to as the Jack mortgage, in favor of Louie Jack to secure a sum of $22,500. Wong Shee did not sign either the note or mortgage. The mortgage was duly recorded April 26, 1928. ■ While the defendants attack the finding of the court that said mortgage secured a sum of $22,500, previously advanced to Loui Hoy by Louie Jack, as unsupported by the evidence, it will suffice to say at this time that there is sufficient evidence to support the finding, and it appears that there was a consideration for the note and mortgage so executed.

It thus appears that on June 16, 1928, the title to the real property involved stood of record in the name of Loui Hoy subject to a first lien in favor of the Mercantile Trust Co., a second lien in favor of John Kepner, and a third lien in favor of the plaintiff Louie Jack. On said date, there was due and owing to the Mercantile Trust Co. on its trust deed the sum of $38,200 principal and $101.88 accrued interest, and to John Kepner on his trust deed, the sum of $10,150. No part of the debt to Louie Jack had been paid. Some time prior to June 16, 1928, Loui Hoy applied to the Mercantile Mortgage Co. for a loan of $51,500 to be secured by a trust deed on the property involved. The application for the loan, and the acceptance both show that the trust deed to be executed was intended to be a first lien upon the real property. A preliminary report of title was delivered by the City Title Insurance Co. to Loui Hoy at his request and a copy delivered to the Mercantile Mortgage Co. It showed legal title to be in Loui Hoy subject to the liens of the Mercantile Trust Co. trust deed, the first Kepner trust deed, and the Jack mortgage. It thus appears that the Mercantile Mortgage Co. had both actual and constructive notice of the Jack mortgage. On June 1, 1928, Loui Hoy and Wong Shee executed a note in the sum of $51,500 and a trust deed, hereafter referred to as the Mercantile Mortgage Co. trust deed, to secure said note in favor of the Mercantile Mortgage Co. as beneficiary. On June 14, 1928, the Mercantile Mortgage Co. forwarded to the City Title Insurance Co. this trust deed, its check for $38,470, and a statement to be executed and returned when said trust deed constituted a first lien, and directed that all encumbrances be paid so that the Mercantile Mortgage Co. trust deed should constitute a first lien. The sum of $38,-301.88 then due on the Mercantile Trust Co. trust deed was paid and a reconveyance was executed on June 20, 1928, recorded October 5, 1928. The Mercantile Mortgage Co. trust deed was recorded June 16, 1928. Of the sum loaned by the Mercantile Mortgage Co., $12,000 was used in building an additional story on the building located on the property here involved. As a part of the same transaction, Kepner had agreed to reconvey his first trust deed and to accept a new trust deed, hereafter referred to as the second Kepner trust deed, securing the sum of $15,000. A new note and the second Kepner trust deed were executed June 12, 1928, and

recorded June 16, 1928. The reconveyance of the first Kepner trust deed was recorded June 16, 1928. As a further part of said transaction, Loui Hoy caused to be delivered to the City Title Insurance Co. what purported to be a release of the Jack mortgage, and it was recorded on June 16, 1928. It was a forgery. However this fact was not discovered at the time, and on the faith of the release the Mercantile Mortgage Co. trust deed was recorded.

The trial court found, and the evidence so indicates, that the Mercantile Mortgage Co. trust deed was not a renewal of the Mercantile Trust Co. trust deed, and that the second Kepner trust deed was not a renewal of the first Kepner trust deed.

Subsequent to the events above related, The Shoong Investment Co. loaned $20,000 to Loui Hoy on June 18, 1930, and a trust deed as security therefor was executed on the same day. Contemporaneous with said loan, the balance due upon the note secured by the second Kepner trust deed was paid on June 21, 1930, and a reconveyance of the interest held under said trust deed was executed June 20, 1930, and recorded June 21, 1930. A further loan of $10,000 was made to Loui Hoy by The Shoong Investment Co., and a note and trust deed on the property executed. On May 2, 1932, Loui Hoy executed an assignment of the rents to be received from the property to Madison & Burke, as trustees for The Shoong Investment Co., to be held as further security for the indebtedness secured by the Mercantile Mortgage Co. trust deed. The Shoong Investment Co. purchased the note payable to the the Mercantile Mortgage Co. and said note and the trust deed securing it were assigned to The Shoong Investment Co. on April 29, 1932, recorded May 2, 1932.

On July 14, 1932, The Shoong Investment Co. filed a notice of default and election to sell under the Mercantile Mortgage Co. trust deed. Thereafter, on October 7, 1932, Louie Jack instituted the present action to foreclose his mortgage. Thereupon, the defendants took the deposition of Louie Jack, and at said time he exhibited his note and mortgage, and his testimony showed that at the time the alleged release of his mortgage purported to be executed, he was in China. Nevertheless, The Shoong Investment Co. proceeded to cause the property to be sold under the Mercantile Mortgage Co. trust deed, and, on February 20, 1933, it purchased the property

at public sale. The purchase price at said sale was paid by The Shoong Investment Co. by endorsement of payment on the note, and a deed of the premises was executed and delivered by the trustee under the Mercantile Mortgage Co. trust deed to The Shoong Investment Co. on February 20, 1933, recorded February 23, 1933.

The answer of the defendants, other than the defendant Wong Shee, alleges as a "second" defense the existence of the Mercantile Trust Co. trust deed; the existence of the Mercantile Mortgage Co. trust deed; that the latter was given as a renewal of the former; that the Mercantile Mortgage Co. trust deed was assigned to The Shoong Investment Co.; that the property was sold under the Mercantile Mortgage Co. trust deed and purchased by The Shoong Investment Co., and a deed executed to The Shoong Investment Co.; and that said defendant "is now the owner and holder of said premises and of all the right, title, claim, and interest therein, and thereto which was owned by said Loui Hoy and Wong Shee, his wife, on the *10th day of November, 1926*". As a separate defense, they plead the two Kepner trust deeds and allege that the latter was a renewal of the former, and they allege that The Shoong Investment Co. trust deed of 1930 is a renewal of the second Kepner trust deed, and that no part of the debt has been paid. They further allege as defenses laches and estoppel, the release of the mortgage, and lack of consideration. As another defense, they allege the assignment of the rents to Madison & Burke. They incorporate the allegations of the "second" defense and allege ownership in fee simple. The prayer is that the plaintiff take nothing by virtue of his complaint; that it be adjudged that plaintiff's interest is subordinate to the claim of defendants; and that The Shoong Investment Co. be declared owner of said premises and its title be quieted against the plaintiff. They conclude with a prayer for general relief.

The chief contention of appellants is that under the facts as found, they were entitled to be subrogated to the rights of the Mercantile Trust Co. under its first trust deed and the rights of Kepner under his first trust deed. To this end, they urge that the findings do not support the judgment. It is their position that the Mercantile Mortgage Co. was entitled to be subrogated to the rights of the Mercantile Trust Co. under its first deed of trust, since the Mercantile

Mortgage Co. furnished the money with which the Mercantile Trust Co. trust deed was paid, upon the faith of obtaining a first lien. They argue similarly that, since Kepner released his first trust deed upon agreement that his second trust deed would be subject only to the Mercantile Mortgage Co. trust deed, he was entitled to be subrogated to his rights under the first trust deed. The second Kepner trust deed has been fully paid and all interest granted thereunder reconveyed to Loui Hoy and Wong Shee. While it is true that the reconveyance of the second Kepner trust deed was contemporaneous with a loan of $20,000 by The Shoong Investment Co. to Loui Hoy and Wong Shee and the reconveyance was recorded on the same day as the trust deed given to secure the loan just mentioned, the trial court found that the second Kepner trust deed was not renewed, but was paid and discharged. All that appears is that the second Kepner trust deed was reconveyed on the same day The Shoong Investment Co.'s trust deed was recorded. There is no basis for appellants' contention that The Shoong Investment Co. became the holder of Kepner's rights under his second deed of trust, and there is therefore no basis upon which appellant can assert Kepner's right of subrogation to his position held under the first Kepner trust deed.

However, The Shoong Investment Co. was entitled to assert whatever right of subrogation the Mercantile Mortgage Co. was entitled to assert. It will be recalled that the Mercantile Mortgage Co. advanced $51,500 to Loui Hoy with the express understanding and upon the condition that it should obtain a first lien on the property. It further specified that the sum so loaned should be used in the payment of the outstanding indebtedness secured by the Mercantile Trust Co. trust deed, and this sum was paid. The Mercantile Mortgage Co. was entitled to be subrogated to the rights of the Mercantile Trust Co. since it had advanced the money by which the debt secured by the latter's trust deed had been paid upon the faith of obtaining a first lien and that expectation had been defeated by the intervention of the Jack mortgage. (*United States B. & L. Assn.* v. *Salisbury,* 217 Cal. 35, 41 [17 Pac. (2d) 140] ; *Federal Land Bank* v. *Marvin,* 228 Ky. 242 [14 S. W. (2d) 762, 70 A. L. R. 1396].) The Shoong Investment Co. was therefore entitled to be subro-

gated to the rights of the Mercantile Trust Co. under its trust deed of November 10, 1926.

Respondent, in support of his judgment, argues that because the Mercantile Mortgage Co. had notice both constructive from the record, and actual from the report of the City Title Insurance Co. of the existence of the Jack mortgage, they may not be subrogated to the rights of the Mercantile Trust Co. The mere existence of notice of the intervening lien is not of itself sufficient to defeat the right of subrogation. (*Copp* v. *Millen*, 11 Cal. (2d) 122, 127 [77 Pac. (2d) 1093]; *Shaffer* v. *McCloskey*, 101 Cal. 576, 580 [36 Pac. 196].) The junior encumbrancer may still be entitled to subrogation to the rights of the senior encumbrancer if for any reason he innocently and without negligence upon his part believed that the intervening lien of which he had notice was no longer an existing lien upon the property. Here the Mercantile Mortgage Co. relied upon what purported to be a release of the Jack mortgage. While it is true that that release was a forgery and therefore had no effect upon the validity of the Jack mortgage, there is nothing to show that at the time it was delivered to the City Title Insurance Co. by the attorney for Loui Hoy any reason existed for the title company to doubt its validity. It was signed in the name of Louie Jack, and was duly acknowledged. While subrogation will not be granted to a junior encumbrancer who negligently fails to learn that there is an existing intervening lien (60 C. J., p. 709, sec. 21), the City Title Insurance Co. was not negligent under the circumstances in failing to require the delivery of the note and mortgage to it.

However, the chief claim of respondent is that the appellants never pleaded or proved a right of subrogation and made no request that they be subrogated to the rights of the Mercantile Trust Co. and of Kepner under his first trust deed. Respondent argues that since the appellants elected to stand upon their legal rights under the Mercantile Mortgage Co. trust deed, to cause the property to be sold thereunder, and to assert legal title acquired by virtue of such sale, they have waived their right of subrogation. It is true that under the law as it exists today the right of subrogation is not one which a party may assert by his own action, but is one which may be asserted only in a civil action. (*Offer* v. *Superior Court*, 194 Cal. 114, 117 [228 Pac. 11]; 23 Cal. Jur., p. 945; 25

R. C. L., p. 1391, sec. 74.) And it is further true that a right of subrogation may be waived. (25 R. C. L., p. 1393, sec. 76; 60 C. J., p. 722, sec. 33.) Respondent's position is that there is neither allegation nor proof of facts sufficient to justify subrogation because the appellants have not alleged the existence of the Jack mortgage and prayed that, because of their mistake, they be subrogated to the rights of, the Mercantile Trust Co. Appellants, on the other hand, contend that they have alleged all the facts, and that under a prayer for general relief they are entitled to subrogation. The essential difficulty with appellants' position is that while they have alleged and proved facts which would have entitled them to subrogation, they have also alleged and proved facts which show that they have waived their right of subrogation. The cross-complaint, after alleging the execution of the various mortgages and trust deeds, alleges that Loui Hoy and Wong Shee were in default on the Mercantile Mortgage Co. trust deed and that The Shoong Investment Co. caused the trustee under said deed of trust to sell the property under the provisions of that trust deed; and that at such sale The Shoong Investment Co. purchased the property and paid the purchase price by endorsing payment on the note secured by the trust deed. Appellants then claim title in fee simple as it stood in the name of Loui Hoy prior to the execution of the *Mercantile Trust Co.* trust deed. These facts were proved as alleged. Appellants' position was, therefore, that the Mercantile Mortgage Co. trust deed stood in the same position as the Mercantile Trust Co. deed, a position that it could never have occupied even under a proper decree of subrogation, because under such a decree the Mercantile Trust Co. trust deed would have been revived and not the later encumbrance substituted for it. By claim of title acquired at the sale under the Mercantile Mortgage Co. trust deed, the appellants have taken a position antagonistic to and the very opposite of subrogation. They have therefore waived any right of subrogation that they might have had. Such conduct on the part of appellants has operated to the prejudice of respondent because, under a proper decree of subrogation, respondent could have protected his lien by payment of the balance due upon the Mercantile Trust Co. trust deed. ■ It is axiomatic that under a right of subrogation, the junior encumbrancer is entitled to occupy only the position of the senior en-

cumbrancer and no better position. (25 R. C. L., p. 1377, sec. 60.) By sale under the Mercantile Mortgage Co. trust deed, the appellants have attempted to force the respondent to pay the sum due on that trust deed if he desired to protect his rights, which sum is far in excess of that due under the Mercantile Trust Co. trust deed at the time of its satisfaction and reconveyance. We conclude, therefore, that appellants have waived whatever right of subrogation they might have had under the Mercantile Mortgage Co. trust deed.

■ Appellants further claim that even though they are not entitled to be subrogated to the rights of the Mercantile Trust Co., the assignment of rents to Madison & Burke is still a valid and subsisting lien, and the trial court erred in concluding otherwise. The record shows that the assignment of rents was for the purpose of securing the same indebtedness as that evidenced by the note secured by the Mercantile Mortgage Co. trust deed. It further shows that said indebtedness has been paid. Since the principal debt for which the assignment was given as security has been paid, the assignment ceased to be a lien upon the property.

■ It is objected that the claim presented is fatally defective in that the plaintiff failed to attach thereto a copy of the note or to refer to the record of the mortgage. (Prob. Code, sec. 706.) It will suffice to note that the defendant administratrix admits, by reason of her failure to so deny, that the claim was duly presented. (Code Civ. Proc., sec. 462.) Appellants complain that there is no substantial evidence to support the finding of the trial court that at the time of the presentation of the claim the plaintiff also presented the original note and mortgage to the administratrix. However, there is testimony which, if believed, amply supports the finding, and it is not within our province to determine the credibility of the witness. The presentation of the original note and mortgage to the administratrix at the time the claim was presented to her was sufficient to cure any defect of the claim arising from the failure to attach a copy of the note and to refer to the record of the mortgage. (*Raggio* v. *Palmtag,* 155 Cal. 797, 807 [103 Pac. 312]; 11A Cal. Jur., p. 747, sec. 528.)

■ By way of answer, appellants pleaded, *in haec verba,* the forged release of the Louie Jack mortgage. Affidavits denying the execution of said release were filed after the elapse

of more than ten days from the receipt of appellants' answer, but within the time extended by stipulation to "appear, plead, or make such motion as he shall be advised to the answer and cross-complaint". Appellants moved to strike said affidavits from the files upon the ground that they were not filed within the time allowed by section 448 of the Code of Civil Procedure. Said motion was properly denied as the affidavits were filed within the period of time as extended by stipulation. (Code Civ. Proc., sec. 1054.)

The plaintiff, Louie Jack, was permitted to testify, over the objection of the appellants to certain matters of fact occurring before the death of Loui Hoy. The appellants contend that, by virtue of section 1880, subdivision 3, Code of Civil Procedure, Louie Jack could not testify concerning "any matter or fact occurring before the death" of Loui Hoy, and that in the absence of such testimony, there was no evidence of any consideration for the note or of any indebtedness. It is sufficient to note that appellants offered no evidence which would prove that the note lacked consideration and no evidence that there was no indebtedness. The note itself was presumptive evidence of consideration. (Civ. Code, sec. 1614; Code Civ. Proc., sec. 1963, subd. 21 and subd. 39.) The production of the note by the respondent Louie Jack, itself gave rise to a presumption that the indebtedness evidenced thereby has not been paid. (*Levey* v. *Henderson,* 177 Cal. 21, 23 [169 Pac. 673]; *Light* v. *Stevens,* 159 Cal. 288, 292 [113 Pac. 659].) In the light of these circumstances it is apparent that the admission of the testimony of Louie Jack was not prejudicial. The presumptions, alone, in the absence of contradictory evidence, were sufficient to support the findings.

Appellants further contend that the real property upon which the mortgage of the respondent was a lien, was the community property of Loui Hoy and his wife Wong Shee and that, since there is no finding that the mortgage was signed by Wong Shee, the wife, the mortgage was void. The property in question was acquired by conveyance from Joe Shoong and Rose Shoong, his wife, to Loui Hoy, dated September 18, 1924, and the right of Wong Shee to avoid the mortgage is to be determined by the provisions of section 172a of the Civil Code as it read on that date. (Stats. 1917, p. 829.) It is strenuously argued by the appellants that the evidence

establishes the fact that Wong Shee and Loui Hoy were validly married in China prior to the time of the conveyance of the property to Loui Hoy. Respondent is equally urgent in pressing the position that Loui Hoy had living in China a wife, Lewu Shee, at the time of his marriage to Wong Shee, and therefore the latter marriage will not be recognized as valid by the courts of this state. We need not decide this question, nor the questions raised by the respondent concerning the applicability of the Alien Land Law. It is well established that the husband has the management and control of the community real property. The right conferred upon the wife under section 172a of the Civil Code is merely the right to avoid the conveyance. The conveyance is not void but is merely voidable, and will be treated as valid until avoided by the wife. (*Trimble* v. *Trimble,* 219 Cal. 340, 344 [26 Pac. (2d) 477].) Moreover, the right to avoid the mortgage is personal to the wife, and she alone may assert it. (*Italian American Bank* v. *Canepa,* 52 Cal. App. 619, 621 [199 Pac. 55] ; *Schelling* v. *Thomas,* 96 Cal. App. 682, 687 [274 Pac. 755] ; *Spreckels* v. *Spreckels,* 116 Cal. 339, 350 [48 Pac. 228, 58 Am. St. Rep. 170, 36 L. R. A. 497] (concurring opinion of Beatty, C. J.) ; *Spreckels* v. *Spreckels,* 172 Cal. 775, 784 [158 Pac. 537] ; *Dargie* v. *Patterson,* 176 Cal. 714, 717 [169 Pac. 360] ; *Goodrich* v. *Turney,* 44 Cal. App. 516, 519 [186 Pac. 806] ; *Rice* v. *McCarthy,* 73 Cal. App. 655, 664 [239 Pac. 56].) Wong Shee, the wife, was a party defendant in this action both individually and as administratrix of the estate of Loui Hoy; however, she has not appealed from the judgment of the trial court. Since she was the only person who had the right to avoid the mortgage given to the respondent, the error, if any, affected Wong Shee alone, and appellants cannot complain. (2 Cal. Jur., p. 841.)

For the reasons above stated the judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 17, 1939.