[Civ. No. 38211. Second Dist., Div. Four. July 27, 1971.]

CONSOLIDATED DOCK & STORAGE COMPANY et al., Petitioners, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; CARL H. GROSS et al., Real Parties in Interest.

COUNSEL

Ackerman, Ling & Russell and Joseph N. Mirkovich for Petitioners.

No appearance for Respondent.

Paul Caruso and Sherman M. Fridman for Real Parties in Interest.

## OPINION

**FILES, P. J.**—The petitioners here are the defendants in an action brought by alleged shareholders in the right of a domestic corporation. The defendants' motion for security for costs under Corporations Code section 834[1]

---

[1]Corporations Code section 834 provides: "(b) In any such action, at any time within 30 days after service of summons upon the corporation or any defendant who is an officer or director of the corporation, or held such office at the time of the acts complained of, the corporation or such defendant may move the court for an order, upon *notice and hearing*, requiring the plaintiff to furnish security as hereinafter provided. Such motion shall be based upon one or more of the following grounds:

"(1) That there is no reasonable possibility that the prosecution of the cause

was denied by the superior court upon the ground that "it has been waived by failure to make it within the 30 days." This petition has been brought to compel the superior court to hear the motion on its merits. We have concluded that there was no waiver, and that the defendants are entitled to have the merits of their motion decided in the trial court.

On May 21, 1970, the shareholders' suit was filed. Summons and complaint were served on June 25, 1970. In a telephone conversation between the attorneys for the respective parties on July 1, it was agreed that defendants might have until July 16, 1970, "to move, answer or otherwise plead to the complaint." The oral agreement was confirmed by a letter sent by defendants' attorney the same day, a copy of which was signed by one of the attorneys representing plaintiffs (real parties in interest).

On the telephone the attorneys agreed it would be desirable for them to meet to try to dispose of the case. Such a meeting was held on July 17, but no settlement was reached. It was then orally agreed that the original extension of time would be further extended to July 31. At the request of defendants' counsel time was orally extended to August 15, and finally to September 17, 1970.

On September 16, 1970, defendants served and filed demurrers to the complaint, motions to strike from the complaint, a motion to transfer the case from the central district to the south district of the superior court, and a motion to require security under Corporations Code section 834.[2] The motions were noticed for hearing on September 28.

At the request of counsel for plaintiffs the hearing on the motions was continued to December 28, to February 8, 1971, and then to February 24. On that date the court and counsel discussed the question of the timeliness of the motion for security, and put the hearing over to March 10 to allow the parties to submit declarations and authorities.

Defendants then submitted declarations describing the stipulations which had preceded the filing of the motion. Plaintiffs did not controvert any of

of action alleged in the complaint against the moving party will benefit the corporation or its security holders;

"(2) That the moving party, if other than the corporation, did not participate in the transaction complained of in any capacity.

"The court on application of the corporation, or any defendant may, for good cause shown, extend such 30-day period for an additional period or periods not exceeding 60 days.

"(c) If any such motion is filed, no pleadings need be filed by the corporation or any other defendant, and the prosecution of such action shall be stayed, until 10 days after such motion shall have been disposed of."

[2] A motion is deemed to have been made upon the service and filing of the notice of motion. (Code Civ. Proc., § 1005.5.)

the factual statements. The declaration filed by one of the attorneys for plaintiffs asserted that he had never been told that defendants contemplated a motion for security, and argued that "before something [the 30-day time limit in § 834] can be waived, the party doing the waiving must be aware of what he is in fact waiving."

At the hearing on March 10 the court heard argument and denied the motion for security upon the ground that "it has been waived by failure to make it within the 30 days." In response to an inquiry by counsel, the trial court expressed the view that an extension of the time to make such a motion would require a specific waiver of that statute.

We see no reason to construe the stipulation of the parties so narrowly. The form of the stipulation is a common one, entered into at a time when the attorneys for the defendants typically have not had an opportunity to consider and determine what procedure is appropriate. The motion for security was one of several kinds of motions which counsel would normally consider making in a case of this kind. The language of the stipulation, read in its ordinary and literal sense, includes such a motion.[3]

A stipulation of counsel, like other agreements, must be construed by an objective standard. It is immaterial that one of the parties had an undisclosed intention or belief as to what it meant, (See *Brant* v. *California Dairies, Inc.* (1935) 4 Cal.2d 128, 133 [48 P.2d 13].)

Under the circumstances here disclosed, we must conclude that plaintiffs did agree that defendants might have until September 17, 1970, within which to file their motion for security under section 834.

There is no public policy which automatically invalidates such an agreement of the parties. Subdivision (b) of section 834 authorizes the court to extend the time for an additional period not exceeding 60 days upon application of a defendant and against the wishes of the plaintiffs. We note that the motion was made here within the time limit which the court could have allowed, i.e., upon the 83d day after service of summons. This fact is of no significance in this case except to demonstrate that this much delay is not per se unreasonable.

Code of Civil Procedure section 1054, defining the court's power to extend time "unless otherwise provided for," requires the court to grant an extension when all attorneys of record agree to it in writing. This section is not literally applicable here, but it illustrates the statutory policy

---

[3]In *Jack* v. *Wong Shee* (1939) 33 Cal.App.2d 402, 413-414 [92 P.2d 449], a stipulation extending plaintiff's time to " 'appear, plead, or make such motion as he shall be advised to the answer and cross-complaint' " was construed to extend the time for filing an affidavit denying the genuineness of an instrument under former Code of Civil Procedure section 448.

of recognizing agreements of counsel to extend time. Thus it has been said that a party is not in default if he postpones a filing in reliance upon a stipulation, even without a valid court order extending time. (See *Voorman* v. *Superior Court* (1906) 149 Cal. 266 [86 P. 694]; *Kramm* v. *Stockton Electric R. R. Co.* (1913) 22 Cal.App. 737, 744 [136 P. 523].)

Let a peremptory writ of mandate issue directing the superior court to vacate its order of March 10 (entered March 12), 1971, denying the motion to require security, and to hear and rule upon said motion as timely made.

Jefferson, J., and Dunn, J., concurred.